THOMAS LUDLOW & RODGERS vs. BERRY and another.

*December 17, 1884 — January 13, 1885.*

*Promissory note: Specific denial of signature.*

In an action upon a joint and several promissory note, the verified answer of a defendant that he never made or joined in the making of the note, and that if his name appeared upon the note, either as maker or indorser, or both, the said signature was a forgery, is a sufficient and specific denial of the signature within the meaning of sec. 4192, R. S.

Thomas Ludlow & Rodgers vs. Berry and another.

APPEAL from the Circuit Court for *Sheboygan* County.

Action upon a promissory note. The plaintiff is a corporation. The answer of the defendant *Wheeler* alleges " that he never made or joined in the making of the note mentioned in said complaint; that if the name of this defendant appears upon said promissory note as maker or indorser, either or both, the said signature is a forgery."

Upon the trial the plaintiff introduced the note in evidence, and rested. The defendant *Wheeler* moved that the action be dismissed as to him, for the reason that the plaintiff had not attempted to prove his signature to be genuine. The motion was denied. The court, however, permitted *Wheeler* to introduce evidence, against the objection of the plaintiff, that the signature was not his, but was a forgery. There was a verdict in favor of the defendant *Wheeler*, and from the judgment entered thereon the plaintiff appealed.

The cause was submitted for the appellant on the brief of *Harvey & Prescott.*

*Jno. E. Thomas,* for the respondent *Wheeler.*

COLE, C. J. The simple question in this case is, Did the defendant *Wheeler* specifically deny, in his answer, his signature to the note in suit, so as to put that fact in issue? The note, as described in the complaint, purported to be a joint and several promissory note made and executed by *Wheeler* and one Berry. *Wheeler* put in a verified answer, in which he alleged, in substance, that he never made or joined in the making of the note in question, and that if his name appeared upon the note, either as maker or indorser, or both, the said signature was a forgery. We are inclined to hold that this was a sufficient denial of the signature to put the fact in issue. He distinctly and positively denies that he ever made or joined in the making of the note, and further avers, if his name appears on the note, either as maker or indorser, the *signature is a forgery.* It is obvious

that this puts in issue the genuineness of his signature, be-cause if he ever signed the instrument his signature could not be a forgery. If the note had really been signed by *Wheeler*, and there had been a material alteration or addi-tion to it, made with the intent to defraud any person, the instrument would be a forged one, though the signature were genuine. But, according to the answer, the forgery here consists in falsely affixing *Wheeler's* name to the note, whether as maker or indorser. Consequently, alleging that his signature is forged, is a specific denial of the signature within the meaning of the statute. It is not averring a mere legal conclusion, as counsel suppose. The genuineness of the signature is the real fact put in issue. In such a case the statute imposes upon the party claiming the note to be valid the burden of proving the signature and that the note is a binding obligation as against the party resisting the pay-ment thereof.

In *Snyder v. Van Doren*, 46 Wis. 602; *Smith v. Ehnert*, 47 Wis. 479; *Nielson v. Schuckman*, 53 Wis. 638, it was not claimed that the signature had been forged, but that there had been an unauthorized change or filling up of the note after the defendant signed it; or that the defendant's signa-ture to the paper had been obtained through fraud or mis-representation. The question whether an answer like the one before us was a good and sufficient denial of the signa-ture to meet the requirements of the statute, was not in-volved in either of those cases.

The plaintiffs' counsel argues that *Wheeler's* signature may be a forgery and still be a genuine signature. This seems to us a legal solecism. If his signature to the note is a forgery, it surely cannot be genuine.

It is further insisted that the denial is bad because in the alternative. As we have said, the defendant denies that he ever made, or joined in the making of, the note; and that if his name appears upon it, either as maker or indorser, the

signature is a forgery. This, in substance and effect, is a denial of the signature, and should be so regarded. He was not bound to know whether the note purported to have been signed by him as maker or indorser. But denying that he made, or joined in the making of, the note, and further stating that if his name appeared upon it, either as maker or indorser, the signature was a forgery, should be treated as a specific denial of his signature.

This being the only question in the case, the judgment of the circuit court is affirmed.

*By the Court.*— Judgment affirmed.

Lyon, J., took no part.