P. P. PERSONS and Others, Plaintiffs and Appellants *v.* JOHN SIMONS, Defendant and Respondent.

1. **Appealable Order; Order Denying Motion for Judgment is Not.**

An order of the district court refusing an application for judgment upon the findings of a jury is not an appealable order, within the meaning of subdivision 1, § 5236, Comp. Laws 1887, which subdivision is as follows: "An order affecting a substantial right, made in any action, when such order in effect determines the action, and prevents a judgment from which an appeal might be taken." Such an order neither determines an action nor any issue in an action, nor is it the le-

·gal effect of such an order to prevent the entry of a judgment from which an appeal might be taken.

**2.   Same; Same; Not Even if Court Refuses to Order Judgment for Either Party.**

*Held, further*, that the order is not rendered appealable by the fact that the district court had previously denied defendant's application for judgment on the findings of the jury.

(Opinion Filed October 20, 1890.)

*A*PPEAL from district court, Stutsman county; Hon. RODERICK ROSE, Judge.

George K. Andrus, Edgar W. Camp and Messrs. Scott and Remington, for appellants, cited: Belt v. Davis, 1 Cal. 136; Hill v. Sherwood, 33 id. 478; U. S. v. Schooner Peggy, 1 Cranch 193; Powell on Appellate Proceedings, sec. 111; Lamphear v. Lamphry, 4 Mass. 108; Tappen v. Buren, 5 id. 195; Hayne on New Trial and Appeal, § 184.

Herman Winterer and Frank J. Young (J. B. and W. H. Sanborn of counsel) for respondent, filed no printed brief.

WALLIN, J.   After a trial had in this action the jury returned a general verdict, and, in addition thereto, returned answers to certain interrogations submitted to them by the trial court. Subsequently, the defendant, assuming that the findings of the jury were in his favor, moved for judgment upon such findings. The motion was denied.   Thereafter the plaintiff, assuming that the findings of the jury entitled them to a judgment, moved the district court upon such findings for judgment in favor of the plaintiffs.   The latter motion was likewise denied by the court, and, from the order denying the same, plaintiffs appeal to this court.   The refusal of the district court to grant plaintiffs' application for judgment upon the findings is assigned as error by the plaintiffs.   No judgment has been entered in the action.   In this court a preliminary motion is made by respondent to dismiss the appeal, upon the ground, among others, that an order refusing to enter judgment upon a verdict is not an appealable order.   The motion raises a question going to the jurisdiction of the court to consider the merits.   If the order is not appealable, this court has not acquired jurisdiction to pass upon any

error assigned upon the record which comes up with the order. Appellants claim that the appeal is properly taken, under subdivision 1, § 5236, Comp. Laws, which reads as follows: "An order affecting a substantial right, made in any action, when such order in effect determines the action, and prevents a judgment from which an appeal might be taken." We think the order in question is not appealable under subdivision 1, above quoted. It is true that the order is one "affecting a substantial right." But, to be appealable, the order must not merely affect a substantial right; it must, in addition thereto, be an order which in effect determines the action," and must also be an order which "prevents a judgment from which an appeal might be taken." The order sought to be appealed from is, in its legal effect, only a refusal of the district court to enter judgment in plaintiffs' favor at the time the application was made, and upon the particular grounds upon which the plaintiffs moved, viz., upon the findings of the jury.

As we view the matter, there are two elements lacking in this order which are essential to the appealability under subdivision 1, § 5236, Comp. Laws: *First.* The order in question does not "in effect determine the action;" nor does it purport to pass upon or adjudicate any of the issues involved in the case. *Second.* The order is not one which can be construed in such a way as to "prevent a judgment in the action from which an appeal might be taken." The subdivision of the statute under which the appeal is sought to be sustained is identical in language with the statute of Wisconsin regulating appeals from the circuit to the supreme court of that state; and the subdivision above quoted has been frequently construed by the supreme court of Wisconsin with reference to orders of the circuit court directing and refusing to direct the entry of judgment upon verdicts. For reasons which meet with our full approval, the holdings of the supreme court of Wisconsin have, without exception, been against the appealability of such orders. In Murray v. Scribner, (Wis.) 35 N. W. Rep. 311, the court say: "An order for final judgment of plaintiff, and denying defendant's motion for judgment, being a mere interlocutory order, is not appealable, under Rev. St. Wis. § 3069;" citing other cases from Wisconsin.

In School District v. Kemen, (Wis.) 32 N. W. Rep. 42, the court say: "If the appeal be regarded as from an order for judgment, instead of a judgment, (which seems to be the view taken of it by counsel for the plaintiff,) it must still be dismissed. A mere order for judgment is not appealable." In Treat v. Hiles, (Wis.) 44 N. W. Rep. 1088, the court say: "For the same reason, the rule is applicable to an order denying a motion for judgment on a verdict. Such an order does not prevent a judgment for the other party, from which. the moving party may appeal, or an order for a new trial, from which he may also appeal. Indeed, the result of a verdict necessarily is a judgment of some sort for one party or the other, or a new trial; and on an appeal by the aggrieved party, whether from the judgment or the order for a new trial, the court will determine whether such party is entitled to judgment on the verdict. Neither does an order denying a motion for judgment on the verdict involve the merits of the action, within the meaning of subdivision 4 of the same section. It is practically a ruling by the court on the trial, with the same incidents which attach to a ruling sustaining a demurrer *ore tenus*, or admitting or rejecting testimony, and the like. * * * It must be held that the order denying defendant's motion for judgment is not appealable, and hence the appeal therefrom must be dismissed." The case under consideration comes squarely within the rule of the Wisconsin cases, and within the language of the statute. It follows that the motion to dismiss the appeal must be granted. So ordered. All concur.