Shattuck vs. Bates.

SHATTUCK, Appellant, vs. BATES, Respondent.

*March 11 — March 27, 1896.*

*Deeds: Proof of execution after death of grantor.*

A certificate of a notary public in another state that the subscrib-
ing witnesses to an unacknowledged conveyance of land in this
state had stated to him under oath, a few weeks after the death
of the grantor, that they saw her sign, seal, and execute the in-
strument, is not such proof as is required by sec. 2227, R. S., pro-
viding that "when any grantor shall die . . . not having ac-
knowledged his conveyance, the due execution thereof may be
proved by any competent subscribing witness thereto before any
court of record."

APPEAL from a judgment of the circuit court for Vernon
county: O. B. WYMAN, Circuit Judge. *Reversed.*

Ejectment. The facts are stated in the opinion.

For the appellant there was a brief signed by *C. M. Butt,
C. W. Graves,* and *H. P. Proctor,* and oral argument by
*Mr. Graves* and *Mr. Proctor.*

For the respondent there was a brief by *Smith & Griffin,*
and oral argument by *C. J. Smith.*

CASSODAY, C. J. This is an action of ejectment to recover
200 acres of land described, commenced June 13, 1894. The
answer put in issue the material allegations of the complaint.
At the close of the trial the jury returned a verdict in favor
of the defendant. From the judgment entered thereon the
plaintiff brings this appeal.

It is conceded by both parties that the title to the land
was on December 19, 1882, and for some time prior thereto,
in Margaret E. Shattuck. Her maiden name was Margaret
E. Little. She married the plaintiff in 1872, and they lived
together as husband and wife until 1881, when differences
arose between them, and they separated; and she went and

lived with her relatives in New York, and continued to reside there, separate and apart from her husband, until the time of her death, which took place February 24, 1888. She was never divorced from the plaintiff, and never had any other husband, and never had any children.  The plaintiff contends that the title to the land remained in her to the time of her death, and then descended to him, as her husband, under and by virtue of the statute which declares that "if a woman shall die, leaving no issue, her estate shall descend to her husband, if she shall have one at the time of her decease."  R. S. sec. 2270, subd. 2.

There can be no question but that the plaintiff became the owner of the land on the death of his wife, unless she disposed of the same by some grant, conveyance, or devise. There is no pretense that she died testate.  There is no claim that she ever disposed of the land, except by an instrument in writing bearing date December 19, 1882, purporting to have been signed by her, under her hand and seal, in the presence of two subscribing witnesses, whose names appear as subscribed thereto, and in and by which instrument she purports to have granted and conveyed to her brother Richard B. Little, his heirs and assigns forever, the land in question.   There are, in the record, deeds of this land from Richard B. Little and wife to Elihu Marshall, dated July 18, 1889, and from Elihu Marshall to David Bobo, dated July 27, 1892, and from David Bobo and wife to the defendant, dated September 21, 1893.   The instrument in writing bearing date December 19, 1882, and purporting to have been signed by Mrs. Shattuck, was received in evidence against objection; and the court charged the jury to the effect that it was sufficient to pass title to Richard B. Little, if, during her life, it was delivered so as to take effect as a deed; and the question of such delivery was the principal question submitted to the jury.

Mrs. Shattuck had power to convey the land without her

husband joining in the conveyance. R. S. sec. 2221. The statutes provide that a conveyance of land, or any estate or interest therein, may be made by deed signed and sealed by the person from whom the estate or interest is intended to pass, "and acknowledged *or proved as directed in this chapter,* without any other act or ceremony whatever." R. S. sec. 2203. Every such conveyance executed by a married woman, of or relating to real estate, "may be acknowledged by her, *or the proof of the execution thereof may taken and certified* the same as if she were unmarried." R. S. sec. 2224. "When any grantor shall die, . . . not having acknowledged his conveyance, the due execution thereof may be *proved* by any competent subscribing witness thereto *before any court of record;* and if all the subscribing witnesses to such deed shall be dead or out of this state, the same may be *proved before any such court* by proving the handwriting of the grantor and of any subscribing witness thereto." R. S. sec. 2227. We find no such proof of the execution of the written instrument dated December 19, 1882, in the record before us. The only evidence tending to prove such execution is contained in the deposition of Richard B. Little, which was offered by the plaintiff's counsel, and excluded on the objection of the defendant's counsel. Such rulings of the court seem to have been made on the theory that such execution was presumed. True, the statute provides that "every conveyance . . . being so executed and acknowledged *or proved* as to be entitled to record . . . shall be received in evidence, without further proof thereof." R. S. sec. 4156. The statute also provides that "every written instrument purporting to have been signed or executed by any person, shall be proof that it was so signed or executed, until the person by whom it purports to have been so signed or executed shall specifically deny the signature or execution of the same by his oath or affidavit, or by his pleading duly verified; *but this section shall not extend* to instruments pur-

porting to have been signed or executed *by any person who shall have died previous to the requirement of such proof.*" R. S. sec. 4192. Certainly the certificate of a notary public in New York, to the effect that the subscribing witnesses to that instrument had, respectively, said to him, under oath, a few weeks after Mrs. Shattuck's death, and nearly six years before the commencement of this action, that they saw her sign, seal, and execute the instrument, was not proof before any court as required by our statutes cited. The disposition of real estate in Wisconsin is governed entirely by the laws of Wisconsin, and not by the laws of New York or any other state. We must hold that the written instrument purporting to have been signed by Mrs. Shattuck was improperly admitted in evidence. And that is so whether that instrument is to be regarded as an absolute deed or as an equitable mortgage., R. S. sec. 2242.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.