CAMPION, Respondent, vs. SCHINNICK, Executor, Appellant.

*March 31 — April 14, 1896.*

*Estates of decedents: Evidence: Execution of written instrument: Personal transactions.*

1. A written instrument purporting to have been executed by a person since deceased is not, under sec. 4192, R. S., proof that it was so executed, but its execution must be proved as at common law.

2. The plaintiff in an action upon a due bill purporting to have been given to him by a person since deceased is incompetent, under sec. 4069, R. S., to testify to the delivery to the deceased of a note against her husband as a consideration for the due bill.

Campion vs. Schinnick.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

*Humphrey Pierce*, for the appellant.

For the respondent the cause was submitted on the brief of *Joseph Roemer* and *Henry D. Ryan.*

CASSODAY, C. J. Mary Canty died, testate, in September, 1891, something over four years after the death of her husband. Her will was admitted to probate, and the defendant thereupon qualified as executor. The plaintiff presented to the county court, for allowance against the estate of Mary Canty, an instrument in writing, in the words and figures following, to wit:

" Appleton, Mch. 17th, '90.

" Due *James Campion* one thousand dollars on demand.

her

" Mary X Canty."

mark.

The county court disallowed the claim September 20, 1892. Thereupon the plaintiff appealed to the circuit court; and, upon issue joined and trial had, the jury, at the close of the trial, by the direction of the court, returned a verdict in favor of the plaintiff, and assessed his damages at $1,099.49. From the judgment entered thereon accordingly, in favor of the plaintiff and against said estate, the executor brings this appeal.

The execution of the alleged due bill was not proved as required at common law. 1 Greenl. Ev. §§ 557, 569, 572. The trial court admitted the due bill in evidence against the objection that it had not been so proved. This must have been on the assumption that its execution would be presumed as provided by statute in case of such controversies between living parties. R. S. sec. 4192. But that section does "not extend to instruments purporting to have been signed or executed by any person who shall have died previous to the requirement of such proof." *Ibid.; Shattuck v. Bates,* 92 Wis. 633.

Besides, the trial court erroneously allowed the plaintiff to be examined as a witness in respect to the transaction and communication by him personally with the deceased, Mary Canty, contrary to the statute. R. S. sec. 4069. That transaction consisted of an alleged delivery of a note against her husband, who had been dead about three years, as a consideration for the alleged due bill. ·

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.