## BRUCE V. WANZER.

1. Where, in an action to foreclose a mortgage securing certain notes, the execution and delivery of the notes by the maker was denied, the recital of such execution and delivery in the mortgage after maturity of the notes was insufficient, in the absence of the introduction of the notes in evidence to prove the existence of an indebtedness secured by the mortgage.

2. Where the execution and genuineness of notes secured by a mortgage sought to be foreclosed were denied, the burden was on the plaintiff to prove that the notes were in existence, or to account for their nonproduction, and that they were in fact executed by the maker.

(Opinion filed June 8, 1904.)

Appeal from circuit court, Douglas county; Hon. E. G. SMITH, Judge.

Action by Edmund A. Bruce against Edwin P. Wanzer. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*R. B. Tripp* and *C. H. Dillon*, for appellant.

*E. P. Wanzer*, in pro. per.

CORSON, P. J.   This is an action to foreclose a mortgage on certain premises in Douglas county.   It is alleged in substance in the complaint that one Fred E. Summers in December, 1887, executed and delivered to one John T. M. Pierce five certain promissory notes, each for the sum of $15, with interest at the rate of 12 per cent. per annum after maturity; that, to secure the payment of said notes, said Summers executed a mortgage on a quarter section of land described in the complaint; that said Summers, having made default in the payment of the moneys secured by the said mortgage in August, 1890,

attempted to foreclose the same by advertisement; that there-
after, on December 24, 1895, the said Pierce assigned in writing
the certificate of sale acquired by him at said attempted fore-
closure sale; that in or about May, 1896, the said Summers, the
mortgagor, conveyed the said property to one Alfred Thomas
by quitclaim deed, and said Thomas thereafter, in June of the
same year, transferred the same to the defendant, Wanzer; that
there is now due the plaintiff on said notes the sum of $75, with
interest from the maturity of the same; that on the 24th day
of December, 1900, said Pierce, by his attorney in fact, duly
sold and transferred the said notes and mortgage to the plain-
tiff, who was also the equitable owner thereof by reason of the
assignment of said certificate of sale, and is now the lawful
owner and holder of the same; and the plaintiff demands judg-
ment that the mortgage be foreclosed, and the property sold
to satisfy the same.    The defendant answered, denying each
and every allegation of the said complaint not specifically ad-
mitted; denied that Summers ever executed the notes set forth
in paragraph 1; denied that Summers ever executed the mort-
gage described in paragraph 2; admitted the allegations of
paragraphs 4, 5, and 6.    These paragraphs are that the said
mortgage was duly acknowledged; that the said Summers made
default in payment of the moneys secured by the said mort-
gage; that the said Pierce attempted to foreclose the same,
and that the certificate of sale was issued by the sheriff of
Douglas county to said Pierce; and that in December, 1895,
said Pierce assigned the said certificate of sale to the plaintiff.
Defendant further admitted that said Summers did on the 18th
day of May, 1896, convey the real estate described in the com-
plaint to one Alfred Thomas, and that the said Thomas con-

veyed the same to the defendant.    Defendant denied that there is due the plaintiff the sum set forth in paragraph 10 of the complaint, and alleged that there is no sum whatever due the plaintiff on said notes, or any of them; denied that defendant was at the commencement of this action the owner of the notes set out in the plaintiff's complaint; and pleaded as a further defense the six-year statute of limitations.    The case was tried to the court without a jury, and, its findings and judgment being in favor of the defendant, the plaintiff has appealed.

The court, in its findings of fact, finds that no evidence was offered by plaintiff to prove the execution or delivery of the five notes alleged in paragraph 1 of the plaintiff's complaint, except the recital contained in the instrument set out in paragraph 2 of these findings, purporting to be a mortgage, and that in paragraph 2 the court finds that said Summers did on the 5th day of December, 1887, execute to said Pierce an instrument in writing, being the instrument alleged by the plaintiff, in paragraph 2 of his complaint, to be a mortgage on the premises described; setting forth a copy of the instrument. The court further finds that the property was conveyed to Wanzer, and that he is now the owner in fee of the said premises, and was such owner at the time this action was commenced, and that the said Summers has no interest in or title to the said premises.    The court further finds "that the cause of action set forth in the plaintiff's complaint did not accure within six years after the commencement of this action."    The court thereupon concludes from the findings that the plaintiff was not entitled to recover as against the defendant; that the instrument purporting to be a mortgage, described in the plaintiff's complaint and in the findings, is not a sealed instrument; that the time

within which the plaintiff or the original owner or holder of the said instrument might have instituted proceedings thereupon expired long before the commencement of the action; and that the defendant is entitled to judgment of dismissal of plaintiff's action. A motion for a new trial was made and denied. The bill of exceptions contained in the abstract is as follows: "For the purpose of showing an assignment of the mortgage involved in this action, the plaintiff introduced in evidence a power of attorney executed by the mortgagee, John T. M. Pierce, and his wife, Annie W. Pierce, to one Harry Eller, found recorded in the office of the register of deeds of Douglas county. Said power of attorney was dated the 25th day of June, 1891, and the execution of it was acknowledged before a notary public in Yankton county, and recorded in Book 2 of Miscellaneous Records of Douglas county, p. 44. It was a general power of attorney, and also authorized the said Eller to 'assign' mortgages of the said Pierce. Page 24. Thereupon plaintiff offered in evidence Exhibit C, an assignment to plaintiff 'of the mortgage in this action by John T. M. Pierce, through his attorney in fact, Harry Eller, together with the acknowledgment thereon, the certificates of registration by the register of deeds of this county, and the seal,' and the same was received in evidence. The assignment was in the usual form of assignments, and also assigned to the plaintiff 'the promissory notes' described in said mortgage. Page 35." It will be observed from the bill of exceptions that neither the notes nor the mortgage were introduced in evidence, and that there was no evidence proving or tending to prove that the alleged promissory notes were ever executed or delivered by the said Fred E. Summers to the said Pierce, except the re-

cital in the purported mortgage, or that the said notes were ever assigned or transferred to the plaintiff, except so far as the transfer of the certificate of sale and assignment of the mortgage tended to prove that transfer.

It is contended by the respondent, in support of the judgment of the court below, that there is really no alleged error before this court to review, for the reason that no exceptions were taken to the findings of the court, or to any errors of law. The plaintiff, in his motion for a new trial, states that he will move for the same on the following grounds: "(1) Insufficiency of the evidence to justify the findings of the court, in this: that there is no evidence whatever that the said Fred E. Summers was a resident of the state of South Dakota at any time after the execution of said mortgage. (2) Errors in law occurring on the trial of the said cause, in this: that it is not in any manner shown that the said action is barred by the statute of limitation. (3) That, under the findings made by the court, the plaintiff is entitled to judgment for the reason that the six-year statute of limitation has no application to cases of this kind. (4) That, under the findings of the court, the said action would not be barred until the expiration of ten years from the maturity of the debt secured by said mortgage. (5) That the evidence is insufficient to show that said action is barred by the statute of limitation, it not being shown that ten years has elapsed since the maturity of said mortgage." The only assignments of error are "(1) that the court, upon the record presented, should have rendered a judgment in favor of appellant; (2) that the court erred in denying plaintiff's motion for a new trial, for the reasons assigned in his said motion."

It will thus be seen that there is great force in the contention of respondent's counsel, as the court made no finding with reference to the residence of Summers, and the only alleged error of law presented is that the court erred in holding that the action was barred by the six-year statute of limitations. As will be seen from an examination of the pleadings, the execution and delivery of the five notes was alleged in the complaint and denied by the answer, and the abstract fails to disclose that any evidence was offered proving or tending to prove the execution of these notes, except the recitals in the alleged mortgage. In our opinion these recitals were insufficient to sustain the allegations as to the execution and delivery of the notes denied by the answer, and specially were they insufficient to prove any existing indebtedness on the same, and, the notes being past due, in the absence of their production by the party claiming under them they are presumed to be paid. Bergen v. Urbahn, 83 N. Y. 49. So far as the record discloses, the failure to produce the notes on the trial was not in any manner accounted for. The court, therefore, was clearly right in holding that the plaintiff was not entitled to recover in this action.

It is contended by the appellant that it was the duty of the court to have found upon the issue of the execution and delivery of the said notes, as there was evidence introduced by the plaintiff to sustain the allegations of his complaint as to such execution and delivery, but, in our opinion, the court was clearly right in finding that there was no proof to sustain the allegations, except the recitals in the alleged mortgage; and, as before stated, in our view, these recitals did not, in the absence of the notes in evidence, sustain these allegations, or

prove or tend to prove the genuineness of Summers' signature to the same. The denial of the defendant raised the issue of the genuineness of the purported signature to the instruments. There was no denial of the existence of the notes purported to be signed by Summers, but their execution was denied; and the burden of proof was therefore upon the plaintiff to sustain the allegations of his complaint, not only to prove that there were in existence five notes purporting to be executed by Summers, but that they were in fact executed by him. Baker v. Warner, 16 S. D. 292, 92 N. W. 393.

In our opinion, therefore, the record discloses no evidence tending to prove the genuineness of Summers' signature to the notes, and hence there was no evidence upon which the court could base a finding other than the finding made by it. While the evidence may have been sufficient to prove such transfer, neither the assignment of the mortgage so denied by the defendant, nor the mortgage itself, gave the plaintiff a right of action, in the absence of the notes, and the absence of proof accounting for their nonproduction at the trial. Bergen v. Urbahn, supra.

The circuit court was clearly right, therefore, in dismissing the action, and its judgment and order denying a new trial are affirmed.