RIPON HARDWARE COMPANY, Respondent, vs. HAAS, Administrator, imp., Appellant.
SAME, Appellant, vs. SAME, Respondent.

*November 12—December 7, 1909.*

*Evidence: Presumptions: Signatures: Guaranty on note: Instructions to jury: New trial: Appeal: Review: Appealable order.*

1. The rule in sec. 4193, Stats. (1898), that in an action brought upon a promissory note by the indorsee the possession of the note is *prima facie* evidence that it was indorsed by the persons by whom it purports to be indorsed, does not apply to a guaranty indorsed on the note.

2. Where, by reason of the death of the person by whom an instrument purports to be signed, sec. 4192, Stats. (1898), is inapplicable, common-law proof of the execution is necessary.

Ripon Hardware Co. v. Haas, 141 Wis. 65.

3. Where the signature to a contract which is in all respects regular on its face is admitted or proved, the presumption arises that the writing was, when signed, in the form in which it appears at the time of its production in a proceeding to enforce it, and such presumption should prevail until overcome by clear and satisfactory evidence.

4. The issue being as to whether a guaranty was indorsed upon a note before or after the signature of one of the alleged guarantors was written, and such signature being admitted or proved, it was error not to instruct the jury, upon proper request, as to the presumption arising from production of the instrument in evidence with no indication of any irregularity or alteration appearing thereon.

5. In reviewing a decision granting a new trial for error in not charging the jury upon a point as to which an instruction was requested, the request and the decision should be viewed in the light of the evidence, and an established fact may be considered as having been incorporated, by way of qualification, in the requested instruction.

6. An order merely denying a motion for judgment notwithstanding the verdict is not appealable.

APPEALS from an order of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Action to recover of the maker and guarantors of a promissory note.

The note was for $1,500, dated August 22, 1901, payable in one year after date, made by Charles H. Dodge to the order of Charles Cowan, and indorsed thus:

"For value received we hereby guaranty the payment of the within note at maturity or at any time thereafter, with interest at the rate of six per cent. per annum, until paid, waiving notice of nonpayment and protest.

"W. B. NASON.
"ED. KOPPLIN.
"JOHN HAAS."

It was alleged to have been, for value, so indorsed, delivered to the payee and thereafter, before the commencement of the action, for value, indorsed without recourse to the plaintiff. Haas answered and thereafter died. The action was re-

vived against his personal representative. The answer raised these questions:

(1) Did the deceased execute the guaranty? (2) Was there any consideration to support the note? (3) Was the note in fact paid before the commencement of the action?

The court decided all the facts alleged in the complaint to be established, conclusively, by the evidence, except that in relation to execution of the guaranty. A question on that was submitted to the jury, resulting in a finding that the guar-anty was stamped on the back of the note over the signatures of the alleged guarantors, after Haas affixed his signature.

There was a motion, on behalf of plaintiff, for judgment notwithstanding the verdict, with an alternative motion for a new trial, and a motion in defendant's behalf for judgment on the verdict. The latter was denied. Plaintiff's motion for judgment was denied; but that for a new trial was granted, upon the ground that the court erred in not instructing the jury that the production of the note by plaintiff with the guaranty thereon, established a rebuttable presumption that it was there before being signed; in view of plaintiff's counsel having requested an instruction, as follows:

"The possession of the note is presumptive evidence that the same was indorsed and the guaranty made by W. B. Nason and Ed. Kopplin and John Haas in the manner and for the purposes it purports to be indorsed, and the burden of overcoming said presumption rests upon the defendant and said defendant must overthrow said presumption, if at all, by a clear preponderance of the evidence."

Both sides appealed.

For the plaintiff there were briefs by *Carter & Pedrick,* and oral argument by *S. M. Pedrick.*

For the defendant *Haas* there were briefs by *Morse & Williams,* and oral argument by *D. O. Williams.*

MARSHALL, J. The rule that production and possession of an indorsed promissory note proves, *prima facie,* that the in-

dorsement was made according to its purport, is statutory. Sec. 4193, Stats. (1898). It applies, only, to indorsements, and when the action to enforce the paper is by an indorsee. *Cook v. Helms,* 5 Wis. 107; *Roach v. Sanborn L. Co.* 135 Wis. 354, 115 N. W. 1102. As this action, so far as concerns plaintiff, is against a guarantor, such rule does not apply.

The only statutory presumption which could apply, under any circumstances, is the one contained in sec. 4192, Stats. (1898), providing that:

"Every written instrument purporting to have been signed or executed by any person shall be proof that it was so signed or executed until the person by whom it purports to have been so signed or executed shall specifically deny the signature or execution of the same by his oath or affidavit or by his pleading duly verified. . . ."

Assuming, without deciding, that there was a sufficient denial in this case to satisfy the statute, it does not apply, the guarantor having deceased before the trial, since it contains this exception:

"But this section shall not extend to instruments purporting to have been signed or executed by any person who shall have died previous to the requirement of such proof."

It follows, from the foregoing, that common-law proof of the execution and contents of the guaranty was necessary. *Campion v. Schinnick,* 93 Wis. 111, 67 N. W. 11; *Deering H. Co. v. Johnson,* 108 Wis. 275, 84 N. W. 426.

Conclusive common-law proof of the signature was given. So the issue came down to whether, when the signing occurred, the guaranty was on the paper. That, properly, called on the common-law presumption that, when the signature to a contract which, in every respect, is regular on its face, is admitted or proved, the presumption arises that the writing was, when signed, in the form appearing at the time of its production in a proceeding to enforce it, and such presumption should prevail till overcome by clear and satisfactory evidence. *Maldaner v. Smith,* 102 Wis. 30, 78 N. W. 140. The requested instruction, in connection with the proved signing

of the paper, bearing on its face no suspicious earmarks, fairly covered such rule.

It is argued that the court granted the new trial because the request suggested a right rule without stating it correctly. We do not so understand the learned court's language. The judge said:

The verdict of the jury will be set aside and a new trial awarded "upon the sole ground that the court erred to the plaintiff's prejudice in not incorporating in the charge, in view of the request of plaintiff for an instruction relating to the subject, an instruction to the effect that upon the production of the note in evidence without any indications of irregularity in or alteration of the indorsement appearing thereon, the presumption obtained, subject to overthrow by proof, that the guaranty was stamped on the back of the note before or at the time the indorsers affixed their signatures."

If that language suggests that the request did not contain the qualification, it is certainly wrong. Such qualification was phrased, quite as accurately, in the request as in the decision. The learned judge, obviously, used the quoted language, in the whole, as descriptive of the request and to characterize it as proper.

We must view the request and the decision in the light of the evidence. Considered, in general, they were not strictly accurate. They become so when viewed in the light of the fact that the contract, fair on its face, signed by the party in whose name it was challenged, was established. That fact, as a verity, must be considered incorporated into the request, as it was by necessary inference.

In view of the foregoing, the order, so far as appealed from by defendant, must be affirmed.

The appeal of the plaintiff cannot be entertained. The order, so far as adverse to him, merely denied the application for judgment notwithstanding the verdict. That is, very plainly, not appealable.

*By the Court.*—The order as to defendant is affirmed, and plaintiff's appeal is dismissed.