TURNER v. F. R. CRUMPTON and W. H. Crumpton, Copartners
as Crumpton & Crumpton.

(141 N. W. 209.)

**Motion for judgment — motion for new trial — practice — nonappealable order.**

An order denying a motion for judgment notwithstanding the verdict is not an appealable order. To be reviewed on appeal such an order must be included in or connected with a denial of a motion for a new trial.

Opinion filed April 10, 1913.

From an order of the District Court for Nelson County; *Templeton, J.,* denying judgment *non obstante veredicto,* defendants appeal.

Appeal dismissed.

*Frich & Kelly,* for appellants.

The legal relationship of the parties was that of principal and factor. The defendants as plaintiff's agents, upon compliance, in good faith, with plaintiff's directions, were entitled to payment for advances and commissions. Champlin v. Church, 76 N. J. L. 553, 19 L.R.A.(N.S.) 261, 70 Atl. 138; Green v. Feil, 41 Wis. 620; Clifton v. Ross, 60 Ark. 97, 28 S. W. 1085; Brown v. Clayton, 12 Ga. 564; Dow v. Worthen, 37 Vt. 108; Bartlett v. Smith, 4 McCrary, 388, 13 Fed. 263; Thompson Bros. v. Cummings, 68 Ga. 124; Wyeth v. Walze, 43 Md. 426; Field v. Banker, 9 Bosw. 467; Finlay v. Stewart, 56 Pa. 183; Bibb v. Allen, 149 U. S. 481, 37 L. ed. 819, 13 Sup. Ct. Rep. 950; Ruffner v. Hewitt, 7 W. Va. 585; Hoy v. Reade, 1 Sweeny, 626; Wiger v. Carr, 131 Wis. 584, 11 L.R.A.(N.S.) 650, 111 N. W. 657, 11 Ann. Cas. 998; 31 Cyc. 1532.

One is presumed to have authorized his agent to follow the rules and usages of the market chosen, in the execution of his orders, in buying goods. Hallet v. Aggergaard, 21 S. D. 554, 14 L.R.A.(N.S.) 1251, 114 N. W. 696; Taylor v. Bailey, 169 Ill. 181, 48 N. E. 200; VanDusen v. Jungblut, 75 Minn. 298, 77 N. W. 970; Whitehouse v. Moore, 13 Abb. Pr. 142; 19 Cyc. 199.

Defendants were not insurers of the safe arrival of the goods in good condition. Rev. Codes 1905, §§ 5411 to 5416.

*Sampson & Sampson* and *O. B. Burtness,* for respondent.

A factor is bound to act in good faith and with due diligence. Failing to do so, he is liable to his principal for loss sustained. Roberts v. Cobb, 76 Minn. 420, 79 N. W. 540; Benedict v. Inland Grain Co. 80 Mo. App. 449; Walker v. McCaull, 13 S. D. 512, 83 N. W. 578; Knowles v. Savage, 140 N. C. 372, 52 S. E. 930.

Goss, J. This case has been before this court once before on appeal. See the case of the same title in 21 N. D. 294, 130 N. W. 937, Ann. Cas. 1913 C, 1015. We have examined the original judgment roll, and ascertained that this appeal is taken from an order denying the motion for judgment notwithstanding the verdict, without there being coupled therewith, to confer appellate jurisdiction upon this court, an alternative motion for new trial. This court is therefore without jurisdiction. The appeal is presumably taken under Rev. Codes 1905, § 7225, but does not come within any of the provisions of that statute. An order of denial of a motion for judgment *non obstante veredicto* is not appealable. See cases cited in Decen. Dig. title Appeal and Error, § 109; also Ripon Hardware Co. v. Haas, 141 Wis. 65, 123 N. W. 659; Hodge v. Franklin Ins. Co. 111 Minn. 321, 126 N. W. 1098; J. R. Watkins Medical Co. v. McCall, 116 Minn. 389, 133 N. W. 966; Nelson County v. Bardstown & L. Turnp. Co. 25 Ky. L. Rep. 1777, 78 S. W. 856. Subdivision 1 of § 7225, Rev. Codes 1905, has been held to be identical with the corresponding provision of the Wisconsin statute, in Persons v. Simons, 1 N. D. 243, 46 N. W. 969, which case virtually passes upon this question. See also many cases cited in Hostager v. Northwest Paper Co. 109 Minn. 509, 124 N. W. 213. Considering this order is made on the court's own motion, we may quote the following from Hostager v. Northwest Paper Co. supra: "Though the point is not made by plaintiff, the appeal must be dismissed, for it confers no jurisdiction. We have uniformly declined to consider such appeals, even where the parties expressly consent that they may be heard." As is said in Persons v. Simons, 1 N. D. 243, at page 245, 46 N. W. 969, quoting what is still the first subdivision of § 7225, defining orders that are reviewable as "an order affecting a substantial right made in

any action, when such order in effect determines the action, and prevents a judgment from which an appeal might be taken," it may be said: "It is true that the order is one 'affecting a substantial right.' But, to be appealable, the order must not merely affect a substantial right; it must, in addition thereto, be an order which in effect determines the action, and must also be an order which 'prevents a judgment from which an appeal might be taken.'" The denial of the motion appealed from left a judgment on the merits unassailed, from which an appeal may be taken. In fact, the denial of the motion in nowise affects the final judgment in the case. We are satisfied that this court is without jurisdiction to do aught but dismiss this appeal. It is so ordered.