## EDGAR C. STRATTON v. N. T. ROSENQUIST.

(163 N. W. 723.)

**Judgment notwithstanding verdict — new trial — alternative motive for — new trial — order granting — appeal from whole order — order not appealable.**

The defendant made an alternative motion for judgment notwithstanding the verdict or for a new trial. The trial court made its order denying the first request, and granting a new trial. The defendant appealed from the whole order. *Held* that the order is not appealable.

Opinion filed June 9, 1917.

From an order of the District Court of Williams County, *Fisk*, J. Defendant appeals.

Dismissed.

*Palmer, Craven, & Burns,* for appellant.

The action for fraud and deceit will not lie. There was a total failure of proof of these, upon the trial, and judgment notwithstanding the verdict should have been given. The question for the trial court was, not whether there was literally *no* evidence to sustain the charge of fraud and deceit, but whether there was any evidence that might reasonably satisfy the jury, and if such question is answered in the negative, the case should be withdrawn from the jury. 6 Enc. Ev. 50; Marshall-McCartney Co. v. Halloran, 15 N. D. 71, 106 N. W. 293; Nounnan v. Sutter County Land Co. 81 Cal. 1, 6 L.R.A. 219, 22 Pac. 515; 20 Cyc. 12, note 29; Humphrey v. Merriam, 32 Minn. 197, 20 N. W. 138.

Where the evidence clearly shows that the person charged with fraud had no knowledge of the matters to which his statements related, the representations are not false and fraudulent. Davidson v. Jordan, 47 Cal. 351, 7 Mor. Min. Rep. 54; Krause v. Cook, 144 Mich. 365, 108 N. W. 81; Cole v. Smith, 26 Colo. 506, 58 Pac. 1086; Marsh v. Falker, 40 N. Y. 562.

Where representations are merely the expression of belief or opinion, they do not amount to fraud and deceit. Oberlander v. Spiess, 45 N. Y. 175; Allison v. Ward, 63 Mich. 128, 29 N. W. 528; Hatch v. Spooner, 37 N. Y. S. R. 151, 13 N. Y. Supp. 642; Levy v. Scott, 115 Cal. 39, 46 Pac. 892; Boles v. Aldridge, — Tex. Civ. App. —, 153 S. W. 373; Bumpas v. Stein, 18 Idaho, 578, 111 Pac. 127; McLeod v. Johnson, 96 Me. 271, 52 Atl. 760; State, Cummings, Prosecutor, v. Cass, 52 N. J. L. 77, 18 Atl. 972; 20 Cyc. 31, subd. C.

Also statements made upon information or belief. 20 Cyc. 17, 51, subd. 2; Hutchinson v. Poyer, 78 Mich. 337, 44 N. W. 327.

Fraud must be proved by clear and convincing testimony. Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454; Lockren v. Rustan, 9 N. D. 43, 81 N. W. 60; McGuin v. Lee, 10 N. D. 160, 86 N. W. 714; Anderson v. Anderson, 17 N. D. 275, 115 N. W. 836; Kenmore Hard Coal, Brick & Tile Co. v. Riley, 20 N. D. 182, 126 N. W. 241; Miller

v. Smith, 20 N. D. 96, 126 N. W. 499; Englert v. Dale, 25 N. D. 587, 142 N. W. 169.

The statements must be inconsistent with an honest purpose. Droge Elevator Co. v. W. P. Brown Co. 172 Iowa, 4, 151 N. W. 1048; Levy v. Scott, 115 Cal. 39, 46 Pac. 892; Graham v. Graham, 184 Mich. 638, 151 N. W. 596; Hatch v. Spooner, 37 N. Y. S. R. 151, 13 N. Y. Supp. 642; Hollister v. Loud, 2 Mich. 309; Pierce v. Pierce, 55 Mich. 629, 22 N. W. 81, 15 Mor. Min. Rep. 675; State Sav. Bank v. Emge, — Iowa, —, 108 N. W. 530; Lane v. Parsons, 108 Iowa, 241, 79 N. W. 61.

Recovery cannot be had for constructive fraud, under a complaint alleging actual fraud. Haynes v. McKee, 19 Misc. 511, 43 N. Y. Supp. 1126; Fowler v. Wood, 73 Kan. 511, 6 L.R.A.(N.S.) 162, 117 Am. St. Rep. 534, 85 Pac. 763; St. Louis v. Rutz, 138 U. S. 226, 34 L. ed. 941, 11 Sup. Ct. Rep. 237.

*William G. Owens* and *George H. Moellring,* for respondent.

The motion for judgment should not have been granted, and the trial court committed no error in so holding, or in granting a new trial.

That the wrong theory of measure of damages was pursued by parties and court throughout the trial cannot be doubted, and on this account the instructions of the court were erroneous, and to correct these errors, a new trial was granted. Richmire v. Andrews & G. Elevator Co. 11 N. D. 453, 92 N. W. 819; Welch v. Northern P. R. Co. 14 N. D. 19, 103 N. W. 396; Meehan v. Great Northern R. Co. 13 N. D. 432, 101 N. W. 183; Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299; Pine Tree Lumber Co. v. Fargo, 12 N. D. 360, 96 N. W. 357; Houghton Implement Co. v. Vavrosky, 15 N. D. 308, 109 N. W. 1024; Ætna Indemnity Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436; Kerr v. Anderson, 16 N. D. 36, 111 N. W. 614; Kirk v. Salt Lake City, 12 L.R.A.(N.S.) 1022, and note, 32 Utah, 143, 89 Pac. 458.

Before a judgment notwithstanding the verdict can be ordered, it must reasonably appear that the defect in proof cannot be remedied if a new trial be granted. Welch v. Northern P. R. Co. 14 N. D. 19, 103 N. W. 396; Meehan v. Great Northern R. Co. 13 N. D. 432, 101 N. W. 183.

Any positive assertion in a manner not warranted by the information of the person making it, of that which is not true, even though he

believes it to be true, or the suppression of that which is true and ought to be told, or the suggestion as a fact of that which is not true, or any other act or statement fitted to deceive, amounts to fraud. Comp. Laws 1913, § 5849; Knowlton v. Schultz, 6 N. D. 417, 71 N. W. 550; Whitbeck v. Sees, 10 S. D. 417, 73 N. W. 915; Liland v. Tweto, 19 N. D. 551, 125 N. W. 1032; Lunscheon v. Wocknitz, 21 S. D. 285, 111 N. W. 632; McCabe v. Desnoyers, 20 S. D. 581, 108 N. W. 341; Sallies v. Johnson, 85 Conn. 77, 81 Atl. 974, Ann. Cas. 1913A, 386; 20 Cyc. 27; Tappan v. Albany Brewing Co. 80 Cal. 570, 5 L.R.A. 428, 22 Pac. 257.

CHRISTIANSON, J. This is an action for damages alleged to have arisen out of a "land deal." The jury returned a verdict in favor of the plaintiff for $771.85. The defendant then made an alternative motion for judgment notwithstanding the verdict or for a new trial. The trial court refused to order judgment notwithstanding the verdict, but granted a new trial. The defendant appeals from such order.

Respondent contends that the order is not appealable, and after a careful consideration of this question we have arrived at the conclusion that this contention must be sustained. This court has repeatedly held that an order denying a motion for judgment notwithstanding the verdict is nonappealable. See Turner v. Crumpton, 25 N. D. 134, 141 N. W. 209; Houston v. Minneapolis, St. P. & S. Ste. M. R. Co. 25 N. D. 471, 46 L.R.A.(N.S.) 589, 141 N. W. 994, Ann. Cas. 1915C, 529; Starke v. Wannemacher, 32 N. D. 617, 156 N. W. 494.

The order appealed from, so far as adverse to the defendant, merely denied the motion for judgment notwithstanding the verdict. That portion of the order was nonappealable. St. Anthony Falls Bank v. Graham, 67 Minn. 318, 69 N. W. 1077; Ripon Hardware Co. v. Haas, 141 Wis. 65, 69, 123 N. W. 659. See also Turner v. Crumpton; Houston v. Minneapolis, St. P. & S. Ste. M. R. Co.; and Starks v. Wannemacher, supra.

Appellant directs our attention to the decision of the Minnesota supreme court in Westacott v. Handley, 109 Minn. 452, 124 N. W. 226, wherein an order similar to the one involved in the case at bar is held to be appealable. That decision was based upon the Minnesota statute which reads as follows: "When, at the close of the testimony,

any party to the action moves the court to direct a verdict in his favor, and such motion is denied, upon a subsequent motion that judgment be entered notwithstanding the verdict, the court shall grant the same if the moving party was entitled to such directed verdict. An order for judgment notwithstanding the verdict may also be made on a motion in the alternative form asking therefor, or, if the same be denied, for a new trial. If the motion for judgment notwithstanding the verdict be denied, the supreme court, on appeal from the judgment, may order judgment to be so entered, when it appears from the testimony that a verdict should have been so directed at the trial; and it may also so order, *on appeal from the whole order denying such motion when made in the alternative form,* whether a new trial was granted or denied by such order." Rev. Laws 1905, § 4362.

The statute of this state relative to motions for judgment notwithstanding the verdict reads as follows: "In all cases where, at the close of the testimony in the case tried, a motion is made by either party to the suit requesting the trial court to direct a verdict in favor of the party making such motion, which motion was denied, the trial court on motion made that judgment be entered notwithstanding the verdict, or on motion for a new trial, shall order judgment to be entered in favor of the party who was entitled to have such verdict directed in his or its favor; and the supreme court of the state on appeal *from an order granting or denying a motion for a new trial* in the action in which such motion was made, or upon a review of such order or on appeal from the judgment, may order and direct judgment to be entered in favor of the party who was entitled to have such verdict directed in his or its favor, whenever it shall appear from the testimony that the party was entitled to have such motion granted." Comp. Laws 1913, § 7643. It will be noticed that there is considerable difference between the Minnesota statute and our own statute on this subject.

And while it is true that the Minnesota supreme court, in the case cited, held an order similar to that here involved to be appealable, we are agreed that that rule should not be adopted under our statute and the former decisions of this court. In this connection it may be mentioned that the supreme court of Wisconsin has reached a conclusion diametrically opposite to that reached by the Minnesota court. See Ripon Hardware Co. v. Haas, 141 Wis. 65, 69, 123 N. W. 659. While

it is permissive under our practice to unite a motion for a new trial with one for judgment notwithstanding the verdict, it is not essential that the motions be so united. They are in fact two separate motions, and ask for two different kinds of relief. A party who moves for judgment notwithstanding the verdict and fails to unite with it a motion for a new trial does not waive his right to make a motion for a new trial in the usual statutory way. Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299. If a party desires to move for judgment notwithstanding the verdict he may do so, without asking in the alternative for a new trial. If he desires a new trial he may move for this alone; or he may combine the two motions in the alternative form as was done in the case at bar. If he makes the alternative motion, he ought not to complain if the trial court grants the one least favorable to the moving party. If a party does not want a new trial he ought not to ask for it.

Appeal dismissed.

ROBINSON, J., concurring specially. The complaint avers that in September, 1914, the plaintiff conveyed to the defendant certain land in exchange for a quarter section of 27—154—97, which defendant conveyed to the plaintiff by warranty deed, with covenants of quiet possession when in truth the Missouri river had and held possession of the greater part of the land and had divided it. The jury found a verdict against defendant for $771.85, and he moved for judgment notwithstanding the verdict, and, in the event of refusal, for a new trial.

The motion for judgment was denied, and the motion for a new trial was granted, and defendant appeals. It appears that the case was tried on the basis of fraud and false representations by the defendant, and, in granting the motion for a new trial, the court said: "The evidence on the question of fraud is not very clear and convincing." However, the actual damage to the plaintiff in no way depended on the condition of the defendant's mind at the time of making the contract, or his knowledge of the facts as to whether or not the Missouri river had taken possession of the land.

As the plaintiff has not appealed from the order granting a new trial, the appeal presents no question for consideration. With regard to the question of fraud, the plaintiff was clearly entitled to a judgment,

fraud or no fraud.   It was only a question of damages, which the jury had fully passed on, and that should have ended the litigation; and the order for a new trial was granted on defendant's own motion and surely he has no ground for an appeal from it.

Order affirmed.