WIESNER and wife, Respondents, vs. KOSIEDOWSKI and another, Appellants.

*April 5—May 1, 1923.*
*January 19—February 12, 1924.*

*Mortgages: Payment of principal to agent of mortgagee to receive interest: Presumption from retention of mortgage by mortgagee: Fraud of agent: Forgery: Transactions subsequent to execution of mortgage: Relevancy: Proof of execution of note: Burden of proof: After death of maker: Recitals in mortgage: To identify note: To establish indebtedness: Failure to prove default by mortgagor.*

1. If the fact that one effecting a mortgage loan was made the agent of the mortgagees for the collection of the interest created any inference of agency generally in regard to the transaction whereby the mortgage was released, it was rebutted by the fact that the mortgagees retained the note and mortgage in their possession. p. 525.

2. In an action to foreclose a mortgage, in which the mortgagees asserted that a release was forged and the mortgagor alleged that the mortgage and note were forged, evidence of transactions between the mortgagor and the agent or notary effecting the loan from the mortgagees relating to another subsequent loan on the same premises made five years afterwards, together with evidence that the agent had removed and substituted sheets from the abstract, was properly excluded, as plaintiffs were not connected therewith, and it did not tend to establish forgery of the note and mortgage. p. 525.

3. Where defendants by verified answer denied the genuineness of the signature to the mortgage note, the burden was on plaintiffs to prove the signature and that the note was a binding obligation of the mortgagor. p. 526.

4. Sec. 4192, Stats., providing that an instrument purporting to have been signed shall be proof that it was so signed until denial under oath by the purported signer, does not apply to instruments purporting to have been signed or executed by a person since deceased, in which cases proof of signature must be made as at common law. p. 527.

5. A mortgage conditioned on "a certain promissory note bearing even date herewith, executed by" the mortgagor, and referring to the note in other clauses relating to performance and sale, did not so incorporate the note as to make it admissible without proof of execution. p. 529.

6. Even if the recitals in the mortgage establish an indebtedness at the time of the execution and delivery of the mortgage, where a purported note is not proved to have been executed and there is no proof as to whether the indebtedness is due or whether there has been a default on the part of the mortgagor, foreclosure of the mortgage was improperly decreed. p. 529.

*On rehearing.*

7. No opinion is expressed as to whether the fact that the indebtedness was due might be established by reference to the terms of the mortgage, which provides that in the event of the failure to pay the interest or taxes the whole amount of the indebtedness may be declared to be due, as no attempt has been made to exercise any rights under that clause. p. 530.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

Foreclosure. This action was commenced to foreclose a real-estate mortgage in the sum of $2,000. The mortgage purports to have been executed on the 5th day of March, 1913, by Franziska Worzala, on certain property in the

Twenty-first ward of the city of Milwaukee. The note accompanying the mortgage was for the sum of $2,000, with interest at the rate of five per cent. per annum, due three years after its execution. The complaint was in the usual form, the plaintiffs, however, alleging that a certain release of this mortgage, which is of record in the office of the register of deeds for Milwaukee county and which purports to have been executed by the plaintiffs on the 2d day of May, 1917, was a forgery, and ask that the release be set aside and that the mortgage be foreclosed. The defendants, who were grantees of Franziska Worzala, the mortgagor, denied that the note and mortgage were executed by Franziska Worzala, alleged that the same were forged, and asked by way of counterclaim that the note and mortgage be canceled and adjudged to be of no force or effect.

The trial court found in favor of the plaintiffs, set aside the purported release, and a judgment of foreclosure was entered, from which the defendants appeal.

*E. G. Rahr* and *H. O. Wolfe,* both of Milwaukee, for the appellants.

For the respondents there was a brief by *Kaumheimer & Kenney,* and oral argument by *Bernard V. Brady,* all of Milwaukee.

The following opinion was filed May 1, 1923:

ROSENBERRY, J. Upon the contested questions the court found as follows:

"That the plaintiffs herein have since the time they received the note and mortgage referred to herein, kept the same in their control and in their possession, up to the middle of May, 1919, at which time the plaintiffs turned the said mortgage over to their attorneys for the purpose of commencing suit for the foreclosure of the said mortgage, and that between said times referred to herein, no persons, other than the plaintiffs, had control or possession of the said note or said mortgage, referred to in the plaintiffs' complaint.

"That on or about the 17th day of February, 1919, the plaintiffs discovered that there was a record in the office of the register of deeds for the county of Milwaukee, a purported release and satisfaction of said mortgage, which purported release and satisfaction was recorded on the 2d day of May, A. D. 1917, at 3:45 o'clock p. m., in vol. 848 of mortgages, page 314, as instrument number 905,496.

"That such purported release and satisfaction referred to in the last paragraph was not in fact signed by *John Wiesner,* nor *Emma Wiesner,* nor by either of them; nor was it signed by any persons on behalf of either *John Wiesner* or *Emma Wiesner,* nor was the said purported assignment acknowledged by either *John Wiesner* or *Emma Wiesner* before Robert B. Domogalla, a notary, or before any other person; and that the signature of the plaintiffs on said assignment is a forgery and said release and satisfaction is therefore void and of no effect whatsoever; and that the plaintiffs have never released or received any interest in and to said note or mortgage from any person whatsoever."

The court further found that the mortgage and note were in fact executed by Franziska Worzala on the 5th day of March, 1913.

It is apparent from the record that one of two innocent parties must suffer by reason of the fraudulent misconduct of Robert B. Domogalla, who was a notary public and real-estate broker in the city of Milwaukee at the time the note and mortgage in question were executed.

The first question which presents itself for solution is the relation of the plaintiffs and the deceased, Franziska Worzala, who died about six months prior to the commencement of this action, to Domogalla. It is claimed by the defendants that Domogalla was the plaintiffs' agent. The testimony of the plaintiff *John Wiesner* is that Domogalla had, prior to the 5th day of March, 1913, and on the 5th day of January, 1912, made a loan of $3,800 on certain property located on Fifth street in the city of Milwaukee. It further appears that on the 5th day of March, 1913, the witness went to the office of Domogalla; that he then had in his possession $2,000 in cash; that at that time there was

shown to him the note and mortgage; that after examination thereof he paid to Domogalla $2,000, took with him the note, mortgage, insurance policy, and abstract, and thereafter retained the same in his own possession down to the time that the same were turned over to his attorneys for the purpose of commencing the present action.

While the interest was paid through the office of Domogalla, there is no evidence to sustain the conclusion that he was the agent of the plaintiffs rather than the agent of Franziska Worzala so far as the payment and collection of the interest were concerned. Even if it were held that he was the agent of the plaintiffs for the collection of the interest, the fact that they retained the note and mortgage in their possession at all times would rebut any inference of agency generally in regard to the transaction. *Bartel v. Brown,* 104 Wis. 493, 80 N. W. 801; *Kohl v. Beach,* 107 Wis. 409, 83 N. W. 657.

A number of assignments of error are predicated upon the refusal of the court to receive in evidence certain transactions between Franziska Worzala and Domogalla relating to another loan made in 1918 upon the same premises, and also evidence tending to establish the fact that Domogalla had removed certain sheets from the abstract and substituted others. All evidence of this character was properly excluded by the trial court for the reason that the plaintiffs were in no way concerned therewith; that they were in no way responsible for the conduct of Domogalla in his dealings with Franziska Worzala, and the fact that he had removed sheets from the abstract in 1918, or shortly prior thereto, could in no way tend to establish the fact that he had forged the note and mortgage made five years previously.

Upon the opening of the trial the plaintiffs offered in evidence the mortgage given by Franziska Worzala to *John Wiesner.* The defendants objected to the reception of the mortgage in evidence on the ground that the answer alleged that the signature was a forgery and that Mrs. Worzala

could neither read nor write. The mortgage was received subject to the objection. The note, of which the following is a copy:

### "*Mortgage note.*

"$2,000.    Milwaukee, Wis., March 5th, A. D. 1913.

"For value received, three years (3 yrs.) after date I promise to pay to the order of *John Wiesner* and *Emma Wiesner,* his wife, as husband and wife, and the survivor of them of Milwaukee, Wis., payable at the office of Robt. B. Domogalla, Milwaukee, Wis., two thousand and no/100 dollars, with interest thereon from date until paid at the rate of five per cent. per annum; interest payable semi-annually. This note is secured by a mortgage upon real estate, bearing even date herewith.

her
"FRANZISKA &times; WORZALA.
mark

"In presence of
        "Robt. B. Domogalla.
        "Bernhard Domogalla,"—

was then offered in evidence. Thereupon the defendants' attorney made the following objection: "I would also like to have the record show that we object to the reception of this note on the grounds the same was never executed by Mrs. Worzala." The admission of the note in evidence is one of the errors assigned by the defendants.

The defendants by their verified answer having denied the genuineness of the signature of Franziska Worzala, the burden was upon the plaintiff to prove the signature and that the note was the binding obligation of Franziska Worzala. *Ellis v. Hof,* 123 Wis. 201, 101 N. W. 368; *Thomas Ludlow & Rodgers v. Berry,* 62 Wis. 78, 22 N. W. 140.

The note was not admissible under the provisions of sec. 4192, Stats., which provides that every written instrument purporting to have been signed or executed by any person shall be proof that it was so signed or executed until the person by whom it purports to have been so signed or executed shall specifically deny the signature or execution of the same under oath, for the reason that that section, by its

terms, does not extend to instruments purporting to have been signed or executed by any person who had died previous to the requirement of such proof.

Where an action is brought upon an instrument which purports to have been signed by a deceased person, proof of the signature must be made as at common law. *Campion v. Schinnick,* 93 Wis. 111, 67 N. W. 11; *Ripon H. Co. v. Haas,* 141 Wis. 65, 123 N. W. 659. See, also, *Shattuck v. Bates,* 92 Wis. 633, 66 N. W. 706.

The plaintiffs made no attempt to prove the signature of Franziska Worzala upon the note and argue that the admission of the note was non-prejudicial error because no claim is made in the case for a deficiency judgment against Franziska Worzala or her heirs.

It is further argued that, the court having admitted in evidence the mortgage and it appearing that the mortgage contains a reference to a note of even date, the note was sufficiently identified by the mortgage and incorporated therein as to justify its admission in evidence. The condition in the mortgage is as follows:

"Provided always, and these presents are upon this express condition, that if the said party of the first part, her heirs, executors, administrators, or assigns, shall pay or cause to be paid to the said parties of the second part, their heirs, executors, administrators, or assigns, the just and full sum of two thousand dollars, according to the conditions of one certain promissory note bearing even date herewith, executed by the said Franziska Worzala . . ." and pay all taxes and otherwise fulfil the conditions of the mortgage.

The mortgage also contains the following recital:

"And the said party of the first part, in consideration of the loan hereby made by said parties of the second part, expressly waives the provisions of ch. 378 of the Laws of 1903."

The mortgage contains a further provision:

"But in case of the nonpayment of any sum of money (either of principal, interest, premiums for insurance, or

taxes) at the time or times when the same shall become due," etc.

In regard to the sale of the premises there is the following provision:

"And out of the moneys arising from such sale, to retain the principal and interest which shall then be due on the said note, together with the costs and charges, including the unpaid taxes, assessments, and insurance premiums," etc.

The plaintiffs cite no authority upon the proposition that the recitals in the mortgage sufficiently describe the note so as to make it admissible with the mortgage. This precise question was passed upon in *Matter of Pirie,* 198 N. Y. 209, 91 N. E. 587. It was there held that:

"A mortgage given to secure two notes of equal amount, one payable in six months and the other in eighteen months, executed and acknowledged as required by law and duly recorded, is entitled to be received in evidence without further proof and, being acknowledged, is an admission of the making of notes corresponding in date, names, and amounts with those named in the mortgage and, hence, is *prima facie* evidence, to that extent, of the notes secured thereby. This is not sufficient, however, to permit one of these notes, claimed to be unpaid, to be received in evidence without other proof of its identity. The burden of proof rests upon the party offering it, and he must supply further evidence showing that it is the genuine paper described in the mortgage."

The court said:

"The mortgage merely establishes that there was such a note outstanding. It does not identify the paper offered as the genuine note or that it was not forged or spurious, and, inasmuch as the burden rests upon the party offering it, it becomes necessary that he supply further evidence showing that it is the genuine paper described in the mortgage."

The same question also arose in *Bruce v. Wanzer,* 18 S. Dak. 155, 99 N. W. 1102, 112 Am. St. Rep. 788. This was also an action to foreclose a mortgage, the execution of the notes being specifically denied. The court found that there

was no evidence on the part of the plaintiff to prove the execution or delivery of the notes described in plaintiff's complaint except the recital contained in the mortgage. The court said:

"In our opinion these recitals were insufficient to sustain the allegations as to the execution and delivery of the notes denied by the answer, and specially were they insufficient to prove any existing indebtedness on the same, and the notes being past due, in the absence of their production by the party claiming under them, they are presumed to be paid. . . So far as the record discloses, the failure to produce the notes on the trial was not in any manner accounted for. The court, therefore, was clearly right in holding that the plaintiff was not entitled to recover in this action."

There are authorities to the contrary. See *Bruce v. Wanser*, 18 S. Dak. 155, 99 N. W. 1102, 112 Am. St. Rep. 788, at p. 793.

In the present case, even if the recitals in the mortgage be held sufficient to establish the existence of an indebtedness at the time of the execution and delivery of the mortgage, which was properly received in evidence, there is no proof as to when such indebtedness became due and as to whether or not there is in fact a default on the part of the mortgagor. There being no proof as to the genuineness of the signature of Franziska Worzala and no proof of the due execution and delivery of the note, the trial court erred in receiving it in evidence. There was no competent proof, therefore, before the court that there was any default on the part of the mortgagor, and the court erred in decreeing a foreclosure of the mortgage and sale of the premises.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

The following opinion was filed February 12, 1924:

PER CURIAM (*on reargument*). Motions for rehearing having been granted, briefs have been submitted and the

case reargued.    Upon reconsideration we are not disposed to depart from the conclusions we reached originally.    Cases have been cited to our attention, particularly cases from the state of Iowa, beginning with *Mixer v. Bennett,* 70 Iowa, 329, 30 N. W. 587, and ending with *Roberts v. Roberts,* 176 Iowa, 610, 156 N. W. 399, which appear to adopt a contrary view.    Upon the reargument it was suggested that the fact that the indebtedness was due might be established by reference to the terms of the mortgage, which provides that, in the event of the failure to pay the interest or taxes, the whole amount of the indebtedness may be declared to be due.    Upon this aspect of the case we express no opinion as no attempt has been made to exercise any rights under that clause of the mortgage.