EDGAR C. STRATTON, Respondent, v. N. T. ROSENQUIST, Appellant.

(171 N. W. 621.)

**Appeal and error — successive verdicts.**

> In this case defendant conveyed to the plaintiff a quarter section of land, with covenants of title and quiet possession. The ruthless and rushing Missouri river had seized and taken possession of about half the land, running across it on the longest diagonal, and lessening the value of every acre. This, of course, the plaintiff did not know. Twice the defendant has had a fair trial and twice the jury has found a verdict against him, and the record presents no good reasons for a third trial. There must be an end to litigation.

Opinion filed February 5, 1919. Rehearing denied March 15, 1919.

Appeal from the District Court of Williams County, Honorable *Frank E. Fisk,* Judge.

Affirmed.

*Palmer, Craven, & Burns* and *Fisk & Murphy,* for appellant.

There are two kinds of fraud, actual and constructive. In the case at bar, we have to deal with the former only. Our Civil Code, Compiled Laws, § 5849, defines actual fraud. Comp. Laws 1913, § 5944; 12 R. C. L. p. 230, § 3, p. 240, and authorities; Nounnan v. Sutter County Land Co. 81 Cal. 1, 6 L.R.A. 219, 22 Pac. 515; Marchall McCartney Co. v. Holloran, 15 N. D. 71; Davids v. Jorden, 47 Cal. 351.

Damages for a tort are merely compensatory in their nature, and they should be restricted except in certain respects, such as exemplary damages, etc., to such sum as will make the injured party whole. Sigafus v. Porter, 179 U. S. 116, 45 L. ed. 113, and Smith v. Bolles, 132 U. S. 125, 33 L. ed. 279.

"The correct measure of damages suffered by one who is fraudulently induced to make a contract of sale, purchase, or exchange of property is the difference between the actual value of that which he parts with and the actual value of that which he receives under the contract. It is the loss which he has sustained, and not the profits which he might have made by the transaction. It excludes all speculation and is limited to compensation." See numerous cases cited in 20 Cyc. 135, 136; also Cook v. Hale, 210 Fed. 340; Tillus v. Lumber Co. (Ala.) 65 So. 1015; Jones v. Morgan, 119 Minn. 434, 138 N. W. 686; Magnusson v. Burgess, 124 Minn. 374, 145 N. W. 32; Realty, etc. Co. Corp. v. Vanderpoel, 127 Minn. 89, 148 N. W. 895; Tripler v. Fairchild, 167 App. Div. 197, 152 N. Y. Supp. 624; Zobust v. Estes, 65 Or. 573, 133 Pac. 644; Beckwith v. Powers (Tex. Civ. App.) 157 S. W. 177; Pyle v. Pyle (Tex. Civ. App.) 159 S. W. 488; Lathan v. Snell (Tex. Civ. App.) 176 S. W. 917; Bounck v. McAulay (Wash.) 147 Pac. 33; Granstandt v. Skinner, 165 Cal. 721, 134 Pac. 329; Hinchey v. Starrett, 91 Kan. 181, 137 Pac. 81; Rockefeller v. Merriett, 35 L.R.A. 633, 40 U. S. App. 666; George v. Hesse (Tex.) 93 S. W. 107, 8 L.R.A.(N.S.) 804 and extensive note, also 123 Am. St. Rep. 772; Ritko v. Grov (Minn.) 113 N. W. 629. See 20 Cyc. 140; 39 Cyc. 1589, and numerous cases cited. Equity Trust Co. v. Mulligan (Ind.) 65 N. E. 1044; Boggs v. Harper, 45 W. Va. 554, 31 S. E. 943; Shirk v. Lingeman, 59 N. E. 941; Patten v. Neischmeider (Ky.) 66 S. W. 1003.

*Wm. G. Owens* and *Geo. H. Moellring,* for respondent.

The expression of an opinion merely under relations of confidence

may constitute fraud, as in realty representations. Liland v. Tweto, 19 N. D. 551; French v. Ryan (Mich.) 62 N. W. 1016; Dowagiac Mfg. Co. v. Mahon & Robinson, 13 N. D. 517.

The suppression of material facts constitutes fraud. Comp. Laws, § 5849; Liland v. Tweto, supra; Barron v. Meyers (Mich.) 109 N. W. 862; Berge v. Eager (Neb.) 123 N. W. 454; Nohr Star Lumber Co. v. Rosenquist, 29 N. D. 566.

It is not true that the law will never imply fraud without direct and positive proof. Under a rule so stringent fraud would rarely be proved. Kaine v. Wigley, 22 Pa. 179; Montgomery Webb Co. v. Dinely, 133 Pa. 585, 19 Atl. 428; Strauss v. Kranert, 56 Ill. 254; Bowden v. Bowden, 75 Ill. 143; Markbury v. Taylor, 10 Bush, 519; Gill v. Crosby, 63 Ill. 190; Chronister v. Anderson, 73 Ill. App. 524; Hopkins v. Seivert, 58 Mo. 201; Albert v. Besel, 88 Mo. 150; Mosby v. Commission Co. 91 Mo. App. 500; Schroeder v. Walsh, 120 Ill. 403, 11 N. E. 70; Knowlton v. Schultz, 6 N. D. 417; Whitbeck v. Lees (S. D.) 73 N. W. 915; Liland v. Tweto, 19 N. D. 551; Lunscheon v. Wocknitz (S. D.) 111 N. W. 632; McCabe v. Desnoyer (S. D.) 108 N. W. 341; Sallies v. Johnson (Conn.) Ann. Cas. 1913A, 386; 20 Cyc. 25; Chilson v. Houston, 9 N. D. 498; French v. Ryan (Mich.) 62 N. W. 1016; Fargo Gas & Coke Co. v. Fargo Gas & E. Co. 4 N. D. 219; Dowagiac Mfg. Co. v. Mahon & Robinson, 13 N. D. 517; North Star Lumber Co. v. Rosenquist, 29 N. D. 566; Guild v. More, 32 N. D. 432.

As to what constitutes proper measures of damages in a case of this kind. Fargo Gas & Coke Co. v. Fargo Gas & E. Co. 4 N. D. 219; Beare v. Wright, 14 N. D. 26; Guild v. More, 32 N. D. 476.

The instructions must be taken as a whole. First Nat. Bank v. Minneapolis & N. Elev. Co. 11 N. D. 280; Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343; Stoll v. Davis, 26 N. D. 379.

ROBINSON, J. This case was before the court on a former appeal. 37 N. D. 121, 163 N. W. 723. In the first trial the jury found a verdict against defendant for nearly $800. He made a motion for a new trial. The court granted his motion and he appealed. This court held that when a party does not want a new trial, he should not ask for it, and dismissed the appeal. Now the verdict is for $1,360 and interest, and defendant wants a third trial.

He assigns numerous errors, but the only real question is on the sufficiency of the evidence. On December 1, 1914, for an express and agreed consideration of $1,900, defendant conveyed to the plaintiff a quarter section of land in 27–154–97: S. $\frac{1}{2}$ of N. W. $\frac{1}{4}$, N. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$, and N. W. $\frac{1}{4}$ of N. E. $\frac{1}{4}$.

The deed contained a covenant of good title and quiet possession and covenant that the grantor was well seised in fee of the land, but in truth he was not seised in fee of the land, and the plaintiff was not given quiet possession. At the time of the transfer one half of the land was seized by the ruthless, aggressive, and onrushing Missouri river, and the other half was corroded and broken so that it was of little value. The plats and the evidence show that by changing its course so as to straighten its channel, the river runs diagonally across the land from the southwest corner to the northeast corner. The part of the land not corroded or covered by the river is of little value. It cannot be farmed to any advantage.

The complaint avers, and the evidence shows, that to induce the plaintiff to purchase the land, defendant knowingly misrepresented its character and condition; that plaintiff relied on such representations. The court charged the jury thus: "Before the plaintiff can recover, he must establish by a fair preponderance of the evidence that the representations charged in the complaint were made by defendant to him, and that they were false, and that the plaintiff believed the representations to be true and relied on them, and was thereby induced to make the trade or purchase." The court charged on the measure of damages: That it was the difference between what the land would have been worth if as represented, and what it actually was worth at the time of the sale. The charge was altogether favorable to defendant. The plaintiff was not bound to rely wholly on the alleged fraud. He had also a right to rely on the covenants in his deed and to recover according to the same measure of damages.

In an action for a breach of covenants in grants the detriment for the breach of covenant of seisin, of right to convey, and of warranty of quiet enjoyment, is deemed to be: (1) The price paid by the grantee, or, if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore at the time of the

grant to the value of the whole property; (2) interest thereon at 6 per cent. Comp. Laws § 7149.

In this case it cannot be maintained that only 60 or 80 acres of the land were affected by the breach; on the contrary, by dividing the land on the longest diagonal and subjecting it to continuous erosion and inundation, the breach affected and lessened the value of every acre of the land. The whole property was affected by the breach. Hence, on the covenants in the deed, the measure of damages was the price of the property, less its actual value, with interest on the same at 6 per cent; and that is the rule of damages submitted to the jury.

Fraud or no fraud, on the pleadings and the evidence the plaintiff was clearly entitled to judgment. He was entitled to insist on the fraud and also on the covenant in his deed. If the false representations were made in good faith they were equally as injurious as if made in bad faith. In such a case the good or bad faith of affirmation is of little consequence. The charge of the court is in no way injurious to the defendant, and the verdict is well sustained by the evidence. The only real question was on the amount of damages, and the specification regarding the sufficiency of the evidence does not point to any insufficiency on the damage question; nor does the evidence show any insufficiency. There is no reason for a third trial of this case. There must be an end to litigation.

Judgment affirmed.

GRACE, J. I concur in the result.

BIRDZELL, J. (concurring specially). I concur in the affirmance of the judgment, but I do not concur with what is said in the opinion of Mr. Justice Robinson relative to the breach of the covenant of quiet enjoyment. The complaint, it is true, alleges a cause of action for the breach of a covenant of quiet enjoyment, but its main allegations are allegations of false and fraudulent representations and damages incident thereto. At the beginning of the trial a motion was made that the plaintiff be required to elect as to whether he would stand upon the cause of action for fraud, or upon that for breaches of warranties and covenants in the deed, and in response to this motion, plaintiff's attorney stated: "There isn't any question as to the position of the plain-

tiff as to our theory of the case being based upon the allegations of fraud as an element of damages upon which we expect to recover." In view of that statement, the trial court did not rule upon the motion, and the record shows that the case was tried upon the theory of deceit. For this reason, I am of the opinion that the judgment will have to stand or fall as a judgment for damages in an action of deceit.

The only serious question is that of the sufficiency of the evidence to show a representation by the defendant which plaintiff was justified in relying upon and which he did rely upon. The argument upon this question is concerned principally with the plaintiff's own testimony. It appears that the defendant had testified that he had told the plaintiff, in substance, that he did not know how many acres were in the river, that there might be 1 or 160 acres of it.

The plaintiff, in rebuttal, when being examined by his own counsel, testified as follows:

Q. In any of this talk that you had with Rosenquist, did he say to you or in your presence that he did not know how much of the land was in the river,—there might be 1 or 160 acres of it?

A. Not that time; it was the time we came back after we made this trip.

Q. After you had made the trip?

A. Yes, sir.

Q. That was when you told him that you would have to rely upon what he said?

A. Yes, sir.

Q. And was that the time when he said there wasn't over 3 to 5 acres in the river?

A. Yes, sir.

It is contended that the plaintiff in this testimony admitted that the defendant had told him that he did not know how many acres were in the river, that there might be 1 or 160. If the testimony is fairly susceptible of this construction, it would follow that no representation was made. A statement of this character, standing alone, would go a long way toward putting the plaintiff upon his guard, and would amount to an announcement that the defendant would not undertake to say how

many acres of land had been destroyed by the river. But the state-ment does not stand alone. The plaintiff further testified that during the same conversation he told him that he would have to rely upon his statement as to the number of acres, since he couldn't get to the land. And he further states that the defendant said that there weren't over 3 to 5 acres in the river. It appears to us that a fair construction of the plaintiff's testimony is that he would not deal with the defendant except upon the basis of the truth of the defendant's statement that there weren't over 3 to 5 acres in the river.

CHRISTIANSON, Ch. J. (concurring specially). I agree with Mr. Justice Birdzell as to the theory upon which plaintiff's recovery in this case must be sustained. I have had considerable, and still enter-tain some, doubt as to the sufficiency of the evidence to establish any false representations on the part of the defendant. But when all the evidence, facts, and circumstances are considered, I am not prepared to say that there is no substantial evidence whatever tending to support the findings of the jury.