ELIZABETH H. NEILL *v.* METROPOLITAN CASUALTY INSUR-
ANCE COMPANY OF NEW YORK.

(*Jackson.* April Term, 1916.)

**JUDGMENT.** Notwithstanding verdict. Party entitled to move.
Where a case had been submitted to the jury and judgment en-
tered on a verdict for the plaintiff, a judgment *non obstante vere-
dicto* for the defendant rendered by the trial judge, at the re-
quest of the defendant, was error.

Case cited and approved: Kirk v. Salt Lake City, 32 Utah, 143.

Case cited and distinguished: Bledsoe v. Chouning, 20 Tenn., 85..


FROM SHELBY


Appeal from the Circuit Court of Shelby County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—A.
B. PITTMAN, Judge.

H. H. HONNOLL, for plaintiff in error.

BROWN & ANDERSON, for defendant in error.

MR. A. R. GHOLSON, Special Judge, delivered the
opinion of the Court.

This is a suit by the plaintiff, Mrs. Elizabeth H.
Neill, to recover from defendant, the Metropolitan Cas-

Neill v. Insurance Co.

ualty Insurance Company of New York, upon an accident policy of insurance issued by it to William C. Neill, Jr., for $1500, March 24, 1914. Mrs. Neill is the beneficiary in said policy, and the Casualty Insurance Company obligated itself to pay said sum in the event the insured sustained accidental injuries causing his death, solely and independently of all other means, on due notice and proof of his accidental death.

The case was heard by the circuit judge and a jury October 29, 1915. At the conclusion of all the evidence the defendant made a motion for peremptory instructions for a directed verdict in its favor, which motion was overruled by the court and due exception taken. The jury returned a verdict in favor of the plaintiff in the sums of $1500 and $112.25, amounting to $1612.25, the face of the policy, and interest, and judgment was entered against the insurance company for said amount and costs.

Seasonably thereafter the defendant filed its motion for a new trial upon several grounds, among others being the following:

"The court erred in overruling the motion of counsel for defendant for a directed verdict at the conclusion of all the testimony. There was not a single fact established by the evidenc that tended to show that the death of William C. Neill was accidental, but all of the facts show that the shot was fired by the hand of William C. Neill, Jr., and there was no dispute or contradiction as to that fact shown. Such being the fact, there was no fact for the jury to find and the deter-

mination of the case became one of law to be decided
by the court.''

   Afterwards, and on November 6, 1915, the defend-
ant moved the court for a judgment in its favor, not-
withstanding the verdict for the defendant or for a new
trial.   Whereupon the circuit judge granted the mo-
tion for a judgment in defendant's favor *non obstante
veredicto,* and overruled said motion for a new trial,
stating that the evidence in favor of suicide of William
C. Neill, Jr., was so overwhelming that reasonable
minds could not differ in regard thereto.   Judgment
was thereupon entered in favor of the Casualty Insur-
ance Company and against the plaintiff, Mrs. Neill, and
the surety on her cost bond.   To this action of the
court the plaintiff excepted, and filed her motion for
a new trial, among other grounds alleging that it was
error on the part of the circuit judge to set aside the
verdict of the jury and dismiss her suit notwithstand-
ing said verdict.   She also insisted in her motion for
a new trial that the circuit judge, if dissatisfied with
the verdict of the jury, could only grant a new trial.

   Plaintiff duly excepted to the action of the circuit
judge, and prayed and perfected her appeal in error
to the court of civil appeals.

   The court of civil appeals affirmed the action of the
circuit judge, being of opinion that the proof was not
only overwhelming that the insured shot himself, but,
so far as they could discover, there was no probative
evidence to the contrary.   That court permitted the
judgment *non obstante veredicto* to stand as rendered

by the circuit judge after the issues had been submitted to a jury and a judgment entered in accordance with said verdict.

The case is here upon a petition for *certiorari* by Mrs. Neill asking that the action of the court of civil appeals be reviewed. Able briefs have been submitted by counsel for both sides.

We have carefully examined the entire record, and are satisfied that no judgment should be sustained in favor of the plaintiff against the insurance company, and that both the circuit judge and the court of civil appeals reached the correct result in deciding this case in favor of the insurance company and against the plaintiff.

We are not prepared, however, to go to the extent of holding that in a suit at law, after the case has been submitted to a jury, a verdict rendered by the jury in favor of the plaintiff, and judgment entered in accordance with the verdict, that such a judgment *non obstante veredicto* can then be rendered by the trial judge in favor of the defendant.

A judgment of this character is thus defined by Shipman's Common-Law Pleading, section 82:

"Where a plea is in good form, but shows no valid answer to the merits of the action, the court will order judgment for the plaintiff, notwithstanding the verdict for the defendant."

"At common law, the plaintiff was entitled to judgment *non obstante veredicto* upon a bad plea, and a repleader was not grantable in favor of the party who

makes the first fault-finding plea." Bledsoe v. Choun-
ing, 1 Humph., 85, cited approvingly in Ragsdale &
Mabry v. Gossett, 2 Lea, 729.

Volume 11, pp. 912, 913, and 917, Ency. of Pleading
& Practice, comments as follows with reference to this
judgment, citing numerous authorities in support
thereof:

"The motion was granted at common law upon mo-
tion of the plaintiff only, when the answer confessed
the cause of action set up in the complaint and set up
matters in avoidance which, though true, were not suf-
ficient in law to constitute a defense." Page 912.

"It was never to be granted when made by the de-
fendant." Page 913.

"It was never granted upon the ground that the evi-
dence was not sufficient to sustain the verdict." Page
917.

We quote the following from 23 Cyc. pp. 778, 779:

"At common law a judgment non obstante veredicto
is one which may be entered by order of the court for
plaintiff in an action at law, notwithstanding the jury
have found a verdict for defendant, where it is ap-
parent from defendant's plea that he can have no mer-
its. The granting of such a judgment rests very much
in the discretion of the court, but such a judgment is
always upon the merits, and should never be granted
but in a very clear case, and this procedure should
never be used as a means of reviewing and reversing
the decision of the jury on questions of fact which are
properly within their exclusive province.

"But in some States, where special findings of the jury are in direct conflict with the general verdict, it is the practice to grant a judgment notwithstanding the verdict. But this can be done only where the special findings are so irreconcilably in conflict with the general verdict that both cannot stand. . . . A judgment *non obstante veredicto* should not be granted because the verdict may be contrary to the weight of the evidence or where there is evidence to sustain the verdict, although it may be uncertain or unconvincing, or where the evidence is conflicting, and therefore properly to be weighed by the jury. But such a judgment may be given if there is an entire failure of evidence, or if the evidence shows as a matter of law that the verdict should have been directed, and it is not probable that a different result would have been reached on another trial."

See, also, the case of *Kirk* v. *Salt Lake City*, 32 Utah, 143, 89 Pac., 458, 12 L. R. A. (N. S.), 1021, note.

We have carefully examined all cases in Tennessee treating of such judgments, and have not found any where such a verdict was granted upon application of the defendant in cases at law.

Judge Wilson, in delivering the opinion of the court of civil appeals, said:

"Now it is true that the trial judge might have granted the motion for a new trial instead of rendering a judgment notwithstanding the verdict of the jury; but why reverse his action and send it back for a new

trial, when, under the evidence, no judgment could possibly, in the law as we understand it, be permitted to stand against the insurance company.''

As heretofore stated, we are clearly of opinion that the right result was reached by the learned trial judge, but we think that he should have sustained the motion of the defendant for a directed verdict at the conclusion of all the evidence.

We are therefore of opinion that the petition for *certiorari* should be disallowed for the reasons herein stated.