3] AUGUST TERM, 1918. 253

State ex rel. South Range v. Tax Comm. 168 Wis. 253.

STATE EX REL. TOWN OF SOUTH RANGE and another, Appellants, vs. TAX COMMISSION OF WISCONSIN, Respondent.

*November 9—December 3, 1918.*

*Certiorari: Motion to supersede: Appealable orders: Reassessment: Powers of tax commission.*

1. A motion to supersede a writ of *certiorari* is in fact a demurrer, and the order thereon is subject to the same right of appeal that applies to decisions on demurrers.
2. The authority of the tax commission, under secs. 1087—45, 1087—51, 1087—57, Stats., to order a reassessment may be exercised in the case of a current assessment, even though the tax roll has been delivered to the treasurer for collection.
[3. Whether it would be an abuse of discretion to order a reassessment, under said statutes, where one or more assessments had intervened, is not decided.]

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

A writ of *certiorari* was issued out of the circuit court for Dane county to review an order of the *Wisconsin State Tax Commission* directing a reassessment of property in the town of *South Range* in Douglas county for the year 1917. The court, upon motion of the defendant, entered an order superseding the writ and the relators appealed.

For the appellants there was a brief by *Luse, Powell & Luse* of Superior, and oral argument by *Claude Z. Luse.*

For the respondent there was a brief by the *Attorney General* and *E. E. Brossard,* assistant attorney general, and oral argument by *Mr. Brossard.*

VINJE, J. Lest it be thought the court has overlooked the question whether an order superseding a writ of *certiorari* is appealable we deem it proper to briefly advert to the matter. The office of a motion to supersede a writ of *certiorari* is identical with that of a demurrer to a pleading. *State ex rel. Bidgood v. Clifton,* 113 Wis. 107, 88 N. W.

1019.  So is a motion to quash an alternative writ of *mandamus*. *State ex rel. Mueller v. Thompson*, 149 Wis. 488, 498, 137 N. W. 20; *State ex rel. Standard Oil Co. v. Hull, post*, p. 269, 169 N. W. 617.  Each challenges the sufficiency of the petition or relation and presents the same question for determination that a demurrer does, namely, Is there a cause of action or ground for relief stated?  For that reason such motions are in fact demurrers, though they retain their common-law names, and therefore a decision upon them should be and is subject to the same right of appeal that applies to decisions upon demurrers.  By so holding practice is unified, time and expense saved, and the intent of the legislature as to what are appealable orders effectuated.

In the instant case the proceedings for a reassessment were not begun until January 23, 1918.  At that time the tax roll had been completed and was lawfully in the hands of the town treasurer for collection, and taxes were being collected.  It is claimed by the relators that the *Tax Commission* has no authority to entertain proceedings for a reassessment after the tax roll is delivered to the town treasurer for collection; that while under the amendment of 1911 (ch. 263, Laws 1911: sec. 1087—57, Stats.) the reassessment may be completed after the tax roll has been delivered for collection, proceedings therefor cannot be begun after that date.  The correctness of this claim must be determined by the language and intent of the statutes upon the subject. Sec. 1087—45, Stats. 1917, provides:

"Whenever it shall satisfactorily appear to the tax commission upon complaint made by the owner or owners of property in any assessment district, the aggregate assessed valuation of which is not less than ten per cent. of the assessed valuation of all of the property in such district, according to assessment next hereinafter mentioned and a summary hearing in that behalf had, that the assessment of property in such assessment district is not in substantial compliance with law and that the interest of the public will be promoted by a reassessment of such property, said commission shall have authority in their discretion to order a

reassessment of all the taxable property in such district to be made by one or more persons to be appointed for that purpose by said commission."

Detailed provisions for notice, appointment of a board of persons for making reassessment, procedure, etc., follow, which are not material here. Sec. 1087—51 provides that:

"Upon the completion of the work of such board and the incorporation in such reassessment roll of any corrections and changes ordered by such board, the person or persons making such reassessment shall make and annex to such roll an affidavit conforming as nearly as may be to the affidavit required by law to be annexed to the assessment rolls in such district. Such reassessment roll when completed shall be filed in the office of the clerk of such district and shall take the place of the original assessment made in such district for said year for all purposes and shall be *prima facie* evidence of the facts therein stated and of the regularity of all the proceedings culminating therein."

The portions of the sections above quoted were enacted in 1905 as part of ch. 259 of the laws of that year. In 1911 sec. 1087—57 was added, which so far as here material reads:

"If any such reassessment cannot be completed in time to take the place of the original assessment made in such district for said year, the clerk of the district shall levy and apportion the taxes for that year upon the basis of the original assessment roll, and when the reassessment is completed the inequalities in the taxes levied under the original assessment shall be remedied and compensated in the levy and apportionment of taxes in such district next following the completion of said reassessment in the following manner."

It is urged that the statutes upon the subject evidence a legislative intent that the reassessment proceedings should be seasonably instituted and diligently and speedily prosecuted. This may be granted, but the concession does not solve the question for review in favor of the relators. It is quite evident from the legislation upon the subject that the cardinal thought of the lawmaking body was to provide an

efficient means of securing just assessments, and that when-
ever it is made to appear to the *Tax Commission,* in the
manner provided by law, that such an assessment has not
been made in any assessment district and that the interests
of the public will be promoted by a reassessment, then the
*Commission* may, in its discretion, order one to be made.
It is apparent that before a reassessment can be ordered two
facts must be found by the *Commission* to exist: (a) that
the challenged assessment is not in substantial compliance
with law, and (b) that the public interest will be promoted
by a reassessment. When these facts are found to co-exist,
then the *Commission* is authorized to order a reassessment.
That such authority may be exercised in the case of a cur-
rent assessment even though the tax roll has been delivered
to the treasurer for collection cannot be doubted in view of
the amendment made to the law in 1911, quoted above. That
specifically provides for the procedure in case the reassess-
ment cannot be completed in time to take the place of the
challenged assessment.   Proceedings for reassessment begun
shortly before the delivery of the tax roll for collection
could often not be completed in time to take the place of the
assessment roll for that year.   Why they should be author-
ized and not those begun after the delivery of the tax roll
is not apparent when both would result in an adjustment of
the taxes the following year as provided by the amendment
of 1911.   Of course the legislature could fix a definite time
within which proceedings should be begun, but it has not
done so.   It has left the matter to the discretion of the *Tax
Commission* with the limitation that the public interest must
be promoted by a reassessment, otherwise it cannot be had.
Whether it would be an abuse of discretion to order a re-
assessment under these statutory provisions where one or
more assessments have intervened we do not decide.   This
proceeding dealt with a current assessment and came within
the discretionary field of the *Tax Commission* as prescribed
by law.   The legislation in question seeks a just and equal

distribution of tax burdens and should be liberally construed to effectuate that desirable result.

*By the Court.*—Order affirmed.