## MAUD BOWEN, Respondent, v. MONTANA LIFE INSURANCE COMPANY, a Foreign Corporation, Appellant.

(190 N. W. 314.)

**Appeal and error — orders overruling motion for directed verdict and motion for judgment notwithstanding disagreement of jury held not "appealable order."**

In an action on an insurance policy, at the close of the testimony, the defendant moved for a directed verdict. This motion was overruled and the case was submitted to the jury, who failed to agree upon a verdict. Defendant thereupon renewed its motion for a directed verdict and moved for a judgment notwithstanding the disagreement of the jury, which motion was overruled by the trial court.

*Held,* an order overruling a motion for a directed verdict and denying a motion for judgment notwithstanding the disagreement of the jury is not an appealable order within § 7841, Comp. Laws, 1913.

Opinion filed October 23, 1922.

Appeal and Error, 3 C. J. § 266 p. 456 n. 28.

Appeal from District Court, Golden Valley County, *Pugh, J.*

Appeal dismissed.

*Keohane & Jones, G. J. Oppegaard,* and *H. S. Hepner,* for appellant.

*Simpson & Mackoff,* for respondent.

"Where an insurer with knowledge that a premium has been paid to one ostensibly its agent, remaining silent until after the death of the insured, it cannot deny the agent's authority to receive the premium." Southern L. Ins. Co. v. McCain, 96 U. S. 84, 24 L. ed. 653, mentioned in 14 R. C. L. 962, § 134.

A general agent may waive a forfeiture for nonpayment of premiums by extending the time of their payment in the absence of knowledge by the insured that the agent has no such authority. Knarston v. Manhattan L. Ins. Co., 124 Cal. 74, 56 Pac. 773.

It is further held in the case of Knarston v. Manhattan Life Insurance Company in a later decision, 140 Cal. 57, 73 Pac. 740, as follows: "Waiver of a forfeiture of a policy by extension of time of payment of premium, though not based on a new consideration or an estoppel, protects the insured until the insurer repudiates the extension."

In the case of New York L. Ins. Co. v. Eggleston, 96 U. S. 572, 24 L. ed. 841, quoted by this court in its opinion of Lechler v. Montana Life Insurance Company, the following doctrine as laid down in that case is accepted as the law in this state.

"Any agreement, declaration, or course of action on the part of an insurance company, which leads the party insured honestly to believe that by conforming thereto forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon a forfeiture, though it might be claimed under the express letter of the contract. The company is thereby estopped from enforcing the forfeiture. The representations, declarations, or acts of an agent contrary to the terms of the policy, of course will not be sufficient unless sanctioned by the company itself.

PER CURIAM. This is an action upon an insurance policy which was tried in the district court of Golden Valley county. At the close of the testimony the defendant moved for a directed verdict. The motion was denied and the case was submitted to the jury who failed to agree upon a verdict. Thereupon, the defendant renewed its motion for a directed verdict and also moved for a judgment in its favor notwithstanding the disagreement of the jury. This motion was likewise denied and the defendant appeals from the order of denial entered. This order is not appealable under the provisions of § 7841 of the Compiled Laws for 1913, and hence the appeal does not invoke the appellate jurisdiction of this court. It would seem that if the order appealed from were embraced within any part of § 7841, defining reviewable orders, it would come within subdivision 1. This subdivision provides that an order may be carried to the supreme court if it affects "a substantial right when" it "in effect determines the action and prevents a judgment from which an appeal might be taken." It is certain that the order in the instant case did not in effect determine the action, for, in the state of the record as it stood upon the refusal to grant the defendant's motion, the case would stand for trial and the action remain for determination either in favor of the plaintiff or defendant.

Neither, in our opinion, do the rulings complained of involve the merits of the action, or any part thereof, within subdivision 4, of § 7841.

Under a prior holding of this court, in the case of Persons v. Simons, 1 N. D. 243, 46 N. W. 969, it was pointed out that an appeal from a nonappealable order, which, in that case, was in substance to the same effect as the order in the instant case, presents a question going to the jurisdiction of this court to consider the merits. Hence, following the rule in that case, this court has no jurisdiction to review the order appealed from. It follows that the appeal must be dismissed and it is so ordered.

BIRDZELL, Ch. J., and CHRISTIANSON, ROBINSON, BRONSON, and GRACE, JJ., concur.