PAGE D. WARREN, Respondent, v. WALTER E. SLAYBAUGH, as Sheriff of Ward County, North Dakota, Marguerite Vold, Krueger & Company, a Corporation, W. F. Krueger, and Jessie E. Y. Krueger. JESSIE E. Y. KRUEGER, Appellant.

(228 N. W. 416.)

Opinion filed December 24, 1929.

*L. J. Palda, C. E. Brace* and *Robert W. Palda,* for appellant.

*McGee & Goss,* for petitioner.

BIRDZELL, J. This is a mandamus proceeding. Upon the application of the petitioner an alternative writ of mandamus issued out of the district court of Ward county on June 12, 1929. The respondent Slaybaugh, as sheriff, made a return to the writ. The respondent Jessie Krueger moved to quash the alternative writ upon grounds which challenged the sufficiency of the petition to entitle the petitioner to the relief sought. The motion to quash was denied and the respondent appeals from the order. The petitioner moves to dismiss

the appeal on the ground that the order is not an appealable order under § 7841, Compiled Laws of 1913. The order is clearly not a final order affecting a substantial right made in special proceedings, appealable under ¶ 2 of § 7841. Neither is it an order which involves the merits of an action or some part thereof, under ¶ 4 of § 7841; nor one which would be reviewable upon an appeal from the judgment under § 7842, Compiled Laws of 1913, without an exception in a settled statement of the case. Mooney v. Donovan, 9 N. D. 93, 81 N. W. 50. It is elementary that the right of appeal from such an order as that in question is statutory and, since the statute nowhere in terms authorizes an appeal from an order denying a motion to quash, it is not appealable unless the order may be said to be one overruling a demurrer, and, as such, appealable under ¶ 3 of § 7841. That paragraph reads:

"When an order grants, refuses, continues or modifies a provisional remedy, or grants, refuses, modifies or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of § 8074 of this code; when it sets aside or dismisses a writ of attachment for irregularity; when it grants or refuses a new trial or when it sustains or overrules a demurrer."

Counsel for appellant contend that an order denying a motion to quash an alternative writ of mandamus is in legal effect an order overruling a demurrer and as such is appealable under the above paragraph, citing cases from Wisconsin and South Dakota under similar statutes in support of the contention. In State ex rel. South Range v. Tax Commission, 168 Wis. 253, 169 N. W. 555, the Wisconsin court said:

"Lest it be thought the court has overlooked the question whether an order superseding a writ of certiorari is appealable, we deem it proper to briefly advert to the matter. The office of a motion to supersede a writ of certiorari is identical with that of a demurrer to a pleading. State ex rel. Bidgood v. Clifton, 113 Wis. 107, 88 N. W. 1019. So is a motion to quash an alternative writ of mandamus. State ex rel. Mueller v. Thompson, 149 Wis. 488, 498, 43 L.R.A.(N.S.) 339, 137 N. W. 20, Ann. Cas. 1913C, 774; State ex rel. Standard Oil Co. v. Hull, 168 Wis. 269, 169 N. W. 617. Each

challenges the sufficiency of the petition or relation, and presents the same question for determination that a demurrer does, namely: Is there a cause of action or ground for relief stated? For that reason such motions are in fact demurrers, though they retain their common-law names, and therefore a decision upon them should be and is subject to the same right of appeal that applies to decisions upon demurrers. By so holding, practice is unified, time and expense saved, and the intent of the Legislature as to what are appealable orders effectuated."

And in the case of State ex rel. Standard Oil Co. v. Hull, 168 Wis. 269, 169 N. W. 617, which was under consideration at the same time, the court said:

"Although this purports to be an appeal from an order quashing an alternative writ and not from a judgment, nevertheless, the motion to quash being in substance and form a demurrer raising the question of sufficiency of the facts alleged in the petition and alternative writ, it is properly here before us on appeal for the reasons stated in the case of State ex rel. South Range v. Tax Commission, 168 Wis. 253, 169 N. W. 555."

Such was also the holding in State ex rel. Mueller v. Thompson, 149 Wis. 488, 43 L.R.A.(N.S.) 339, 137 N. W. 20, Ann. Cas. 1913C, 774. These cases were followed in South Dakota in Mitchell Nat. Bank v. Jones, 51 S. D. 202, 212 N. W. 919. In the latter case a statement in an earlier opinion (Campbell v. Watertown, 46 S. D. 574, 195 N. W. 442), to the effect that an ordr made in a special proceeding (See ¶ 2 of the appeal statute, Revised Code of South Dakota 1919, § 3168, subd. 2; § 7841, subd. 2, Compiled Laws of 1913), to be appealable, must affect a substantial right and be a final order, was limited to the matter then under consideration by the court and held not to imply that there could be no appeal from an order denying a motion to quash. These decisions of our sister states under similar appeal statutes are strong authority in support of the interpretation of our statute for which the appellant contends, but however persuasive they may be they do not have a controlling effect, and before we are justified in accepting the conclusion stated we must be satisfied that a similar construction of our statute carries out the legislative intention.

The first matter to be noticed, in construing § 7841, which provides for appeals from orders, is that the legislature had in mind and distinguished between orders made in actions and orders made in special proceedings. In providing for appeals from orders made in actions, it required that the order, to be appealable, should in effect determine the action and prevent a judgment from which an appeal might be taken. Subd. 1. Whereas, an order in a special proceeding, to be appealable, must be a final order affecting a substantial right. Subd. 2. The next subdivision treats of orders affecting provisional remedies and injunctions; also, orders granting or refusing new trials and sustaining or overruling demurrers.

A motion to quash is not a demurrer. It may serve the same purpose or it may even be broader in its operation in that it may reach objections to the anterior proceedings that would not be reached by a demurrer. A motion to quash is not the only proceeding that may have a similar function.. An order sustaining an objection to the introduction of evidence at the beginning of a trial on the ground that the complaint does not state facts sufficient to constitute a cause of action (Ross v. Wait, 2 S. D. 638, 51 N. W. 866); an order on a demurrer ore tenus (Treat v. Hiles, 75 Wis. 265, 44 N. W. 1088); an order made on a motion to dismiss at the end of the whole case on the ground that the evidence fails to substantiate the essential allegations (Bowen v. Montana L. Ins. Co. 49 N. D. 140, 190 N. W. 314), on a motion for a judgment on the pleadings (Wall v. First Nat. Bank, 49 N. D. 703, 193 N. W. 51), or on a motion for judgment non obstante (Turner v. Crumpton, 25 N. D. 134, 141 N. W. 209), all are in a measure analogous to rulings on demurrers. But such motions are not demurrers, and orders entered in disposing of them are not appealable on account of their similarity to demurrers. See cases, supra.

In view of these holdings we are not prepared to say, as did the Wisconsin court, that the practice is unified, time and expense saved, and the intent of the legislature as to what are appealable orders is effectuated by holding that an order overruling a motion to quash is appealable on account of the analogy to an order entered upon a demurrer. The code of civil procedure, § 7441, Compiled Laws of 1913, says that the only *pleading* on the part of the defendant is either a

demurrer or an answer. A motion is not a pleading. The same code, with specific reference to mandamus, §§ 8475 and 8476 of the Compiled Laws of 1913, makes the rules of practice outlined in the general code of civil procedure, chapters 3 to 35, inclusive, and the provisions for appeals (§ 8476) contained in chapters 11 and 15, applicable to new trials and appeals in mandamus proceedings. Section 8461 provides: "On the return of the alternative writ, or the day on which the application for the writ is noticed, the party on whom the writ or notice has been served may show cause by answer under oath made in the same manner as an answer to a complaint in a civil action." It is somewhat significant in this connection that in providing for the pleading in mandamus proceedings provision should be made that the respondent show cause by answer and that no mention should be made of a demurrer. This omission, however, may not signify that the defendant is not to have an opportunity to resort to the usual practice of demurring to the petition. 2 Spelling, Extr. Relief, §§ 1671 to 1674. But if he demurs and files no other return to the alternative writ or to the order to show cause, as the case may be, another section of the statute (Comp. Laws 1913, § 8466) would seem to require that the hearing proceed as a hearing "of the case." For the statute says: "If the answer raises only questions of law . . ., the court must proceed to hear or fix a day for hearing the argument of the case." In view of the expeditious character of the remedy, the mandatory language of this provision should be equally applicable whether an answer is filed which raises only questions of law or whether a demurrer is interposed which raises similar questions. It would be sacrificing substance to form to say that, if an answer or return is filed which raises only questions of law, the matter must proceed to final order or judgment before any review may be had, but that if the same question or questions are raised by demurrer a review may be had of an intermediate order overruling it. This would also be inconsistent with the other sections of the article governing mandamus proceedings which require the writ to be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law and that where the judgment is given for the applicant (§ 8467) a peremptory mandamus must be awarded without delay.

While we do not hold that § 8461 by providing for an answer under

oath on the return day negatives the practice of demurring to the petition, we deem it proper to say that the propriety of the practice under statutes similar to ours has been drawn into question. In South Dakota, for instance, where the court now holds (Mitchell Nat. Bank v. Jones, 57 S. D. 202, 212 N. W. 919) that an order denying a motion to quash is appealable because of its analogy to an order overruling a demurrer, the court had previously said in State ex rel. Schilling v. Menzie, 17 S. D. 535, 97 N. W. 745, that a demurrer to an alternative writ of mandamus might properly be overruled "or disregarded as unauthorized by the statute Rev. Code Civ. Proc. § 768," which is identical with § 8461, Compiled Laws of North Dakota for 1913. In Finlay v. Boston, 196 Mass. 267, 82 N. E. 5, concerning a similar statute requiring one upon the return day to file an answer showing cause why the writ should not issue, the supreme judicial court of Massachusetts said that under this statute doubts had arisen as to whether a demurrer would lie to a petition for mandamus, but as the point was not taken it considered the provision requiring the answer to be made on the return day as inserted to insure a speedy hearing of the merits. This it would do by requiring a completion of the pleadings on the return day. As so construed, the statute would not prevent the defendant from filing a demurrer if he elected finally to rest his case upon grounds of the insufficiency of the facts alleged in the petition. Thus construed, however, the statute would in effect prevent any intermediate order being entered on the demurrer, since the order disposing of it would, in view of the election, be final.

Any holding that an intermediate order in a special proceeding of this character is appealable is necessarily inconsistent with subdivision 2, § 7841, Compiled Laws of 1913, which provides for appeals from *final* orders affecting substantial rights and likewise, as pointed out above, inconsistent with those provisions of the statute which contemplate that mandamus proceedings shall be conducted with dispatch to a final determination. For, if intermediate orders were appealable, the appeals would be governed by § 7832, which section vests in the district court a discretion to stay proceedings pending the appeal. On the whole it seems to us more consistent with legislative intention to say that orders in mandamus proceedings to be appealable must

come within paragraph 2 of the appeal statute than to say that such intermediate orders as may be analogous to orders entered in disposing of demurrers are appealable under ¶ 3 of § 7841.

Summarizing, we are of the opinion that the statutes referred to clearly disclose an intention on the part of the legislature to force mandamus proceedings to a final conclusion with respect to some substantial right before any appeal may be taken from an order made therein. This is consistent with the expeditious character of the remedy and any holding that there may be an appeal from an intermediate order and the proceedings stayed pending the appeal would be contrary to the statutes above referred to. Admittedly, it could not be based upon the language of the appeal statute and such statute should not be extended by construction where to do so would be to undermine the effectiveness of a remedy given. As we construe our statutes, where an answer which is in substance a demurrer, or where a demurrer proper is interposed in mandamus proceedings, the matter must proceed to a hearing for the purpose of the rendition of a final judgment before any appeal is permitted. There is even less reason for believing that the legislature made it possible to halt proceedings pending an appeal from an order refusing to quash an alternative writ and consequently less ground for holding such an intermediate order appealable.

It follows from what has been said that the appeal must be dismissed. It is so ordered.

BURKE, Ch. J., and CHRISTIANSON, BURR, and NUESSLE, JJ., concur.