[File No. 6149.]

CARL ADOLPH OLSON, Appellant, v. OTTERTAIL POWER COMPANY, a Corporation, H. L. Bartlett, Herman Olson and William Summers, Respondents.

(256 N. W. 246, 95 A.L.R. 418.)

Opinion filed August 28, 1934. Rehearing denied September 25, 1934.

*George A. McGee, Harry E. Dickinson, E. R. Sinkler* and *G. O. Brekke,* for appellant.

*Conmy, Young & Conmy,* for respondents.

MOELLRING, J. This case comes to us on an appeal presented by the plaintiff. The action is based upon damages alleged to have resulted from negligent acts of the defendants. A trial was had before the court and a jury, resulting in a verdict in plaintiff's favor. At the close of the plaintiff's case, and again at the close of the entire case, defendants made a motion for a directed verdict, upon the grounds: that there is no evidence that the defendants proximately caused injury and loss to the plaintiff; that the evidence proves contributory negligence; and that there is no evidence in the case supporting any proper measure of damages.

On November 16, 1931, and two days after the verdict was returned, defendants made an application to stay execution for the purpose of presenting a motion for judgment notwithstanding the verdict. Thereupon, the trial court issued an order, staying all further proceedings, except entry of judgment, until January 31, 1932.

The record also shows that on November 23, 1931, the trial court made its order directing that judgment be entered on the verdict of the jury, and on November 27, 1931, judgment was entered for damages and costs against the defendants.

Thereafter and on December 21, 1931, attorneys for the defendants gave notice of a motion for judgment notwithstanding the verdict, which notice, other than the formal parts, reads as follows:

"Please take notice That on the 5th day of January, 1932, at 10:00 A. M. of said day, at the Court's Chambers, in the Court House in the City of Grafton, North Dakota, the defendants herein will make a motion before the Honorable W. J. Kneeshaw, Judge of the District Court, that judgment be entered herein notwithstanding the verdict, said motion being based specifically upon the motion for a directed verdict made at the close of the entire case, and upon all the records and files in this action, and said motion being made under § 7643, 1925 Supplement to the compiled statutes."

Hearing was had on the motion January 5, 1932, pursuant to the

notice; and thereafter, on July 29, 1932, the trial court, by its order, granted the motion of the defendants.

On September 24, 1932, plaintiff took an appeal from this order. The appeal came on regularly for hearing before this court, at which time defendants made a motion to dismiss the appeal on the grounds: that no appeal will lie from an order for judgment, or interlocutory order; and that the order appealed from is not an appealable order.

The foregoing is a brief history of the case.

Defendants' motion to dismiss challenges appellate jurisdiction. The notice of appeal states that the appeal is taken from the order of July 29, 1932. This order grants defendants' motion for judgment notwithstanding the verdict, sets aside the previous judgment entered, dismisses the case, and also orders a new judgment for costs in favor of the defendants.

Defendants contend that the order is not an order affecting a substantial right determinative of the case and, therefore, is not appealable. It is well settled in this state that an appeal from an order timely made, granting a motion for judgment notwithstanding the verdict, is not appealable, for the reason that an appeal can be taken from the judgment entered thereon, which is the proper procedure. Comp. Laws 1913, § 7841; Warren v. Slaybaugh, 58 N. D. 904, 228 N. W. 416; Turner v. Crumpton, 25 N. D. 134, 141 N. W. 209; Oliver v. Wilson, 8 N. D. 590, 80 N. W. 757, 73 Am. St. Rep. 784.

On the other hand, plaintiff contends that the order in question is more than a mere order for judgment; that the order also sets aside a judgment previously entered, which gives it the character of an order affecting a substantial right, from which an appeal may be taken. Plaintiff contends, further, that the motion for judgment notwithstanding the verdict came too late, as the motion was made after judgment was entered pursuant to the verdict; that the order and judgment based thereon are void; and that, therefore, the order is one made after judgment, which is appealable under subdivision 2 of § 7841, Compiled Laws 1913.

At common law a party, to avail himself of a motion for judgment non obstante veredicto, must present the same before judgment is entered on the verdict. The remedy could be employed by the plaintiff only. In most jurisdictions its use has been broadened either by statu-

tory enactments or by judicial construction, so that the remedy is available to all parties. Hay v. Baraboo, 127 Wis. 1, 105 N. W. 654, 3 L.R.A.(N.S.) 84, 115 Am. St. Rep. 977; Kirk v. Salt Lake City, 32 Utah, 143, 89 P. 458, 12 L.R.A.(N.S.) 1021; L.R.A.1916E, 829, note, Ann. Cas. 1913A, 1023, 1024, note.

These modifications, however, did not affect the common law rule of timely presentation. It is uniformly held that the motion must be made before judgment is entered, and a failure to do so, within such time, is fatal. Ruling Case Law states the rule thus: "In all cases, even in jurisdictions which have relaxed the strict rule of the common law limiting the right to judgment non obstante veredicto to the plaintiff and excluding all considerations of the evidence, it is still essential that the motion be made before judgment, as it is too late after judgment." 15 R. C. L. p. 608, § 47.

See also: State v. Commercial Bank, 6 Smedes & M. 218, 45 Am. Dec. 280; Hurt v. Ford, 142 Mo. 283, 44 S. W. 228, 41 L.R.A. 823; Wheeler v. Prexton, 32 Ky. L. Rep. 791, 107 S. W. 274; Yerkes v. Antrim Circuit Judge, 200 Mich. 443, 166 N. W. 976; Zilka v. Graham, 26 Idaho, 163, 141 P. 639; Hillis v. Kessinger, 88 Wash. 15, 152 P. 687, Ann. Cas. 1917D, 757; Neill v. Metropolitan Casualty Ins. Co. 135 Tenn. 28, 185 S. W. 701, L.R.A.1916E, 825; First Nat. Bank v. Thompson, 55 S. D. 629, 227 N. W. 81; 1 Freeman, Judgm. 5th ed. p. 18; 33 C. J. 1187.

This universal rule, based upon the common law, was the accepted practice in this state prior to the enactment of chapter 63, Session Laws 1901 (Comp. Laws 1913, § 7643). This enactment contains the first mention of the subject in our statutes. Richmire v. Andrews & G. Elevator Co. 11 N. D. 453, 92 N. W. 819.

By this enactment a motion for judgment notwithstanding the verdict could be coupled with a motion for a new trial, and such motion in the alternative was available either before or after entry of judgment. This remedy, in its alternative form, is merely cumulative; and, except as to those instances coming within its purview, did not disturb the existing practice with reference to a motion for judgment notwithstanding the verdict, or a motion for a new trial, when made separately. Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299.

It was held, however, that when the motion was made in the alter-

native, the granting of a new trial precluded a review of the trial court's actions in denying judgment non obstante. Stratton v. Rosenquist, 37 N. D. 116, 163 N. W. 723.

The construction placed upon the statute in the case of Stratton v. Rosenquist, supra, evidently inspired the further amendment, as found in chapter 133, Session Laws 1921.

This amendment provides, that on an appeal from the whole order, on a motion made in the alternative, the appellate court can review the whole order, where the motion has been denied in whole or in part; whereas, before the amendment, the granting of a part of the motion precluded a review of that part which was denied. This chapter was amended by chapter 335, Session Laws 1923. By this latter amendment, new matter is added; otherwise, the provisions of the law are retained in identical language. Section 7643, 1925 Supplement to the Compiled Laws of 1913.

There is nothing in this statute, by direct authorization or by implication, that permits a motion for judgment notwithstanding the verdict, standing alone, to be made after judgment. The statute does not contemplate such contingency. Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299, supra.

From the foregoing we must come to the conclusion, therefore, that, save and except as to those instances that come within the purview of this statute, the universal rule based upon the common law, which requires a motion non obstante to be presented before entry of judgment, still obtains in this state.

Defendants contend that the recognized practice in this state has given the same character to a motion for judgment notwithstanding the verdict as for a new trial, in that the same may be made after judgment and with the effect that the granting of the motion, of itself, sets aside the judgment. There is no provision in our statutes indicating that the granting of a motion for judgment notwithstanding the verdict, ipso facto, sets aside the judgment; nor can any such conclusion be arrived at from the common law rule as it exists in this state.

We are aware of the fact that the trial court has the power, when properly exercised, to set aside its judgments, either on its own motion or on motion of the parties. Comp. Laws 1913, §§ 7354, 7665; and § 7660 as amended (Comp. Laws Supp. 1925); De Vall v. De Vall, 60

Or. 493, 118 P. 843, 120 P. 13, 40 L.R.A.(N.S.) 291, Ann. Cas. 1914A, 409. Moreover, there existed a valid judgment, and no proceedings had been taken to set it aside; and there is no claim that the judgment was entered inadvertently.

As heretofore stated, said § 7643, 1925 Supplement to the Compiled Laws, 1913, provides a remedy for vacating a verdict after judgment entered thereon, by motion non obstante, only when coupled with a motion for a new trial. We have also indicated that this provision of our statute has no application to the facts in this case. It is significant, therefore, that the only express authority otherwise, for vacating or setting aside a verdict, is by motion for a new trial. Comp. Laws 1913, §§ 7660 and 7665. This latter motion may be made either before or after entry of judgment, in contradistinction to a motion non obstante, which can be made only before the judgment is entered. The generic distinctions are obvious from the cases cited, and the granting of a motion for a new trial, ipso facto, sets aside the judgment without specific motion or order therefor. 46 C. J. p. 346, § 511, and cases cited; 20 R. C. L. p. 313, § 97.

The comparatively recent case of First Nat. Bank v. Thompson, 55 S. D. 629, 227 N. W. 81, supra, is enlightening. In this latter case a motion for judgment notwithstanding the verdict was coupled with a motion to set aside the judgment. The court held that the motion for judgment notwithstanding the verdict, presented after judgment was entered on the verdict, was not timely made; and that there was no authority for a motion to set aside the judgment when not made in connection with a motion for a new trial.

The court said, in part (55 S. D. 631, 227 N. W. 81):

"But we are clearly of the view that the motion came too late. Obviously a second judgment, inconsistent with the first judgment, could not have been entered upon the motion unless the judgment already entered were first vacated and set aside. Though jurisdiction may exist to correct mistakes and to make a judgment conform to verdict, the trial court is without jurisdiction to vacate and set aside a judgment, on account of the insufficiency of the evidence to support the verdict, except on motion for new trial. The purpose of the motion for judgment notwithstanding the verdict, and of the motion to vacate the judgment in this case, was to obtain a review of the evidence after judgment. The

question as to the sufficiency of evidence to support the verdict is a matter decided and concluded by the entry of judgment in conformity with that verdict, except for established procedure which may permit a reconsideration or review of the question. The relief sought by the motions below was obtainable by motion for new trial and not otherwise."

See also Wagner v. Northern L. Ins. Co. 70 Wash. 210, 126 P. 434, 44 L.R.A.(N.S.) 338.

The record discloses that the first judgment was entered on November 27, 1931, and that written notice of such entry was served on the attorneys for defendants on the same date the judgment was entered. This judgment was not attacked directly by any regular proceeding and, therefore, became final six months after notice of the judgment. The second judgment, which was entered August 11, 1932, on the order dated July 29, 1932, was therefore erroneous.

A judgment entered, within the jurisdiction of the court, stands until it is vacated or modified by regular proceedings. Black on Judgments states, "When a judgment is once entered of record, it must stand as the judgment, until it is vacated, modified, or disposed of by some means provided by law; entering additional judgment entries is not one of them." 1 Black, Judgm. 2d ed. § 304; First Nat. Bank v. Thompson, 55 S. D. 629, 227 N. W. 81, supra; Wagner v. Northern L. Ins. Co. 70 Wash. 210, 126 P. 434, 44 L.R.A.(N.S.) 338, supra. See also Tuttle v. Tuttle, 48 N. D. 10, 181 N. W. 898.

Plaintiff's assignments of error challenge the regularity of all of the acts of the trial court in granting the motion notwithstanding the verdict, setting aside the previous judgment, dismissing the action, and ordering judgment for costs against plaintiff. These assignments are fully sustained by the record.

The foregoing views also determine appellate jurisdiction. The order appealed from is a final order affecting a substantial right upon summary application in an action after judgment, and is clearly appealable under subdivision 2 of § 7841, Compiled Laws 1913. It is also appealable under subdivision 4 of said section, which provides that when the order "involves the merits of an action or some part thereof" an appeal may be had. Boyd v. Lemmon, 49 N. D. 64, 189 N. W. 681; Ellis v. George, 43 N. D. 408, 175 N. W. 623; Shockman v. Ruthruff, 28 N. D. 597, 149 N. W. 680; St. Paul, M. & M. R. Co.

v. Blakemore, 17 N. D. 67, 73, 114 N. W. 730, 732; Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201; Harvey v. Harvey, 201 Wis. 378, 230 N. W. 79.

The ruling on a motion for a directed verdict may be made the basis of a motion for a new trial. In short, in a case like this, the defendant might have moved for a new trial on the ground that the trial court erred in denying the motion for a directed verdict; and in a case where a motion for judgment notwithstanding the verdict is made, the trial court may, instead of ordering judgment notwithstanding the verdict, grant a new trial. Larson v. Albers, 53 N. D. 340, 205 N. W. 875. Hence, it is suggested that inasmuch as at the time the motion in this case was submitted, a motion for judgment notwithstanding the verdict did not lie, the motion should be considered as a motion for a new trial, and disposed of as such. Larson v. Albers, supra; Wagner v. Northern L. Ins. Co. 70 Wash. 210, 126 P. 434, 44 L.R.A.(N.S.) 338, supra.

Assuming, without deciding, that a motion for judgment notwithstanding the verdict, made after judgment has been entered, may be considered and disposed of as a motion for a new trial, obviously, the only errors that can be considered on such motion are those stated in the motion. A motion for judgment notwithstanding the verdict, in effect, reviews only the court's ruling in denying a motion for a directed verdict. Ennis v. Retail Merchants Asso. Mut. F. Ins. Co. 33 N. D. 20, 36, 156 N. W. 234. In the instant case the motion for judgment notwithstanding the verdict was restricted to the only ground properly reviewable on such motion, namely, the ruling on the motion for a directed verdict. Hence, if the motion for judgment notwithstanding the verdict in this case is considered as a motion for a new trial, it is clear that the trial court was in error in granting the motion, as an examination of the evidence discloses that the defendant was not entitled to a directed verdict, but that the plaintiff had introduced substantial evidence sufficient to establish a prima facie cause.

It follows, therefore, that in any event the trial court was in error in making the order appealed from, and it is directed to vacate and set aside such order and the judgment entered thereon. This will, of ne-

cessity, result in a reinstatement of the judgment entered November 27, 1931. Appellant will recover his costs on the appeal.

CHRISTIANSON and BURR, JJ., concur.

NUESSLE, J. I dissent. The proposition stated in paragraph one of the syllabus is contrary to a practice recognized and followed in this state by bench and bar so long that "the memory of man runneth not to the contrary." During that long course of time numerous legislative measures touching the practice on appeal have been enacted, all either actually or impliedly recognizing the practice or by their silence sanctioning it. And as a matter of expedience no other practice could well be followed.

The motion for judgment non obstante veredicto was a common law motion. It was required to be made before entry of judgment. 33 C. J. 1187. It originally was available only to the plaintiff and was in reality grounded on a defect in the pleadings. The defendant's corresponding remedy was by motion in arrest of judgment. Freeman, Judgm. 5th ed. § 10. On the other hand, at the common law, the motion for new trial was made and disposed of before judgment entered. Spanagel v. Dellinger, 34 Cal. 476; Freeman, Judgm. 5th ed. § 185. So our practice with respect to both of these motions is the creature of our statutes and little like its common law ancestor. The first recognition of the motion for judgment notwithstanding the verdict found in our statute is in chapter 63, Sess. Laws 1901, codified as § 7643, Comp. Laws 1913. Richmire v. Andrews & G. Elevator Co. 11 N. D. 453, 92 N. W. 819. The same legislature enacted chapter 111, Sess. Laws 1901, now § 7687, Comp. Laws 1913. This latter section provides: "Entry of judgments upon the decision of the court or the verdict of a jury in civil actions in the district court shall not be stayed; but the court may stay execution of such judgment for such reasonable time as may be necessary to move for a new trial in the action or to perfect an appeal from the judgment entered therein." If a motion for judgment non obstante cannot be made or considered after entry of judgment, it necessarily follows under § 7687 that it must be made immediately on the return of the verdict unless by stipulation of the parties entry of judgment is deferred. As a matter of practical operation, the motion

thus made can neither be well made, well presented, nor well considered. Furthermore, if a motion for judgment notwithstanding the verdict coupled with a motion for new trial may be made after entry of judgment, there is no logical reason why a motion for judgment notwithstanding the verdict alone should not be made after entry of judgment. And since entry of judgment may not be stayed it seems clear to me that when § 7643, supra, was enacted, it must have been contemplated that the alternative motion might be made after entry of judgment for the same practical reasons that such motion could not be well made, presented, or considered immediately on the return of a verdict. Certainly the generally followed practice has been to make such alternative motions after entry of judgment.

I am aware that as stated in the majority opinion other courts following the common law rule have held that motions for judgment non obstante could not be made after entry of judgment. But in none of the cases where this has been done have the statutory provisions been similar to ours. This court itself has never heretofore been called upon to pass upon the question. The nearest approach was in the case of Schumacher v. Great Northern R. Co. 23 N. D. 231, 136 N. W. 85. In that case there was a verdict in favor of the plaintiff. Judgment on the verdict was entered in March, 1910. An alternative motion for judgment notwithstanding the verdict or for a new trial was made in November, 1910. The court denied the motion in December. In January an appeal was perfected from the order denying the motion for judgment notwithstanding the verdict and for a new trial, and from the judgment. The plaintiff and respondent insisted that, in any event, the motion for judgment notwithstanding the verdict was too late because made after entry of judgment in the district court, and that accordingly the supreme court could not on appeal order judgment non obstante. The court, after holding that the evidence was insufficient to sustain the verdict of the jury, said: "This conclusion necessitates a reversal of the judgment, and it only remains for us to determine whether appellants are entitled to judgment non obstante veredicto as prayed for by them. Respondent contends that a motion for such relief comes too late when made after entry of judgment in the district court, and certain authorities are cited and relied on in support of such contention; but in the light of the clear and specific provisions of our

Code (Revised Codes 1905, § 7044, now § 7643, Comp. Laws 1913) which, of course, are controlling . . . we are compelled to overrule such contention." While that case is, in some respects, different from the instant case, nevertheless as I read the opinion it evidences a clear recognition under our statute of the right to make a motion for judgment notwithstanding the verdict after entry of judgment. Surely it is an express holding that the alternative motion may be made after entry of judgment.

It is true that § 7643 does not expressly authorize a motion for judgment notwithstanding the verdict standing alone to be made after judgment, but neither does that section nor any other statutory provision forbid it. The same may be said with respect to a motion for new trial. And if judgment has already been entered the effect of either order is to vacate and set it aside. This is a logical consequence not expressed by statute. Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299, cited in the majority opinion, merely holds that a motion for judgment notwithstanding the verdict may be made either separately or in connection with the motion for new trial, and that the right to move for a new trial is not waived if the motion is not made in connection with the motion for judgment notwithstanding the verdict.

It must also be remembered that § 7643, in its present amended form, controls in the instant case. The section now reads (see 1925 Supplement) : "When at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as either or any party to the action shall request, but upon a subsequent motion, by such moving party after verdict rendered in such action, that judgment be entered notwithstanding the verdict, or if the jury have failed to agree upon a verdict, for a directed verdict, the court shall grant the same if, upon the evidence as it stood at the time such motion to direct a verdict was made, the moving party was entitled to such directed verdict. An order for judgment notwithstanding the verdict may also be made on a motion in the alternative form asking therefor, or if the same be denied, for a new trial. The ruling on the motion for a directed verdict may be reviewed by the Supreme Court without a motion for judgment notwithstanding the ver-

dict or a motion in the alternative for such judgment or for a new trial having been first made in the trial court. If the motion for judgment notwithstanding the verdict be denied, the supreme court, on appeal from the judgment, may order judgment to be entered when it appears from the testimony that a verdict should have been so directed; and it may also so order on appeal from the whole order denying such motion when made in the alternative form whether a new trial was granted or denied by such order." And it seems to me it clearly implies that the alternative motion or either of the motions singly may be made after entry of judgment, and that a reading of the last sentence of the section demonstrates this beyond any question. If there could be any doubt as to the right to make the alternative motion or either of the motions singly after judgment entered impliedly recognized in the Schumacher Case, such doubt is wholly dispelled by a reading of this statute.

The theory underlying our statute governing appeals is, generally, that orders reviewable on appeals from judgments are not themselves appealable. Persons v. Simons, 1 N. D. 243, 46 N. W. 969; Turner v. Crumpton, 25 N. D. 134, 141 N. W. 209; Warren v. Slaybaugh, 58 N. D. 904, 228 N. W. 416. Exceptions to the rule embodying this theory are set out in the last clause of the third subdivision of § 7841, Comp. Laws 1913, where it is provided that an order is appealable "when it grants or refuses a new trial, or when it sustains or overrules a demurrer." A moment's reflection makes apparent the reasons for the exception, so far as an order granting or refusing a new trial is concerned. For such an order may be made either before or after judgment is entered, and, consequently may be either intermediate or final in its effect. It may operate to prevent a judgment from which an appeal might be taken, it may vacate a judgment already rendered, or it may stamp such judgment with finality so far as antecedent errors or subsequent remedies in the trial court are concerned. Hence, such orders will always involve the merits of the controversy, but they will not always involve matters reviewable on appeal from a judgment as the error complained of may be subsequent to the judgment. Rather than attempt distinctions, the statute permits orders made in disposing of motions for new trial to be appealable in every case. On the other hand, an order for judgment non obstante requires the entry of judgment, and, accordingly, is always reviewable on appeal from the judg-

ment entered thereon. A motion for judgment non obstante never lies unless foundation therefor has been laid by a motion for directed verdict. Hence, an order denying a motion for judgment non obstante is, in effect, always intermediate, whether made before or after entry of judgment for the reason that on appeal from the judgment the sufficiency of the evidence challenged by the foundation motion for a directed verdict may be considered and determined. Consistently, neither order is appealable. Persons v. Simons, 1 N. D. 243, 46 N. W. 969, supra; Turner v. Crumpton, 25 N. D. 134, 141 N. W. 209, supra.

As I view § 7643, it is wholly consistent with the underlying theory that intermediate orders shall not be appealable. When a motion in the alternative for judgment non obstante or for a new trial is made, the question raised is not confined to the present sufficiency of the evidence to sustain the verdict but includes as well a challenge to the ability of the party in whose favor the verdict was returned to supply the deficiency on another trial. And when the motion for judgment non obstante is denied but a new trial is granted, the court, to this extent, rules adversely to the moving party and he is left remediless unless he has a right of appeal notwithstanding the granting of his motion for a new trial. For in such case no judgment can be entered, and unless he has the right of appeal there is no way in which the court's full ruling may be review( . To reach this logical result the final clause of § 7643 was added by the 1921 amendment. See chapter 133, Sess. Laws 1921. Prior to this amendment our holding was that in such case there was no right of appeal. See Stratton v. Rosenquist, 37 N. D. 116, 163 N. W. 723.

BURKE, J. (dissenting.) The law authorizing judgment notwithstanding the verdict was first enacted as chapter 63 of the Session Laws of 1901, which is entitled: "AN ACT Authorizing District Courts and Also the Supreme Court of the State to Direct Judgment to be Entered in Certain Cases Instead of Granting a Motion for a New Trial." It reads as follows: "In all cases where at the close of the testimony in the case tried, a motion is made by either party to the suit requesting the trial court to direct a verdict in favor of the party making such motion, which motion was denied, the trial court on motion made that judgment be entered notwithstanding the verdict, or on mo-

tion for a new trial, shall order judgment to be entered in favor of the party who was entitled to have a verdict directed in his or its favor; and the supreme court of the state on appeal from an order granting or denying motion for a new trial in the action in which such motion was made, or upon a review of such order or an appeal from the judgment, may order and direct judgment to be entered in favor of the party who was entitled to have such verdict directed in his, or its favor, whenever it shall appear from the testimony that the party was entitled to have such motion granted."

To have the benefit of this statute it was necessary to make a motion for a directed verdict at the close of all the testimony. If the motion is denied, a motion could be made thereafter for judgment notwithstanding the verdict, or a motion could be made for a new trial, and on the hearing of the motion for judgment notwithstanding the verdict, or on the hearing of a motion for a new trial, the trial court might order judgment notwithstanding the verdict. If judgment was ordered on a motion for new trial the party aggrieved might appeal to the supreme court from such order. The supreme court on appeal from an order granting, or denying, a motion for a new trial, in the action in which such motion was made upon review of such order, that is, the order denying, or granting, the motion for a new trial, might order judgment in favor of the party who was entitled to have such verdict directed in his favor and if the motion for judgment notwithstanding the verdict was granted, or denied, the supreme court on *appeal from the judgment may order* and direct judgment to be entered in favor of the party who was entitled to have such verdict in his, or its, favor. This is clearly expressed in the statute. This statute does not provide for the alternative motion for judgment notwithstanding the verdict, or for a new trial. It is clear that it was the intent of the legislature to make the order granting, or denying, a new trial appealable and the motion for judgment notwithstanding the verdict non-appealable. It specifically provides for a review of the order granting, or refusing, a new trial on appeal from such order, and the order granting, or refusing, judgment notwithstanding the verdict when not made in the alternative may be reviewed on appeal from the judgment.

This law was amended by chapter 133 of the Session Laws of 1921 but it retained the provision that the motion for a directed verdict be

made at the close of the testimony and provided for the alternative motion for judgment notwithstanding the verdict, or for a new trial, and closes with this provision: "If the motion for judgment notwithstanding the verdict be denied, the supreme court, *on appeal from the judgment,* may order judgment to be entered, when it appears from the testimony that a verdict should have been directed; and it may also so order on appeal from the *whole order* denying such motion when made in the alternative form whether a new trial was granted or denied by such order." Under this statute the right to review an order granting, or denying, a motion for judgment notwithstanding the verdict on appeal from the judgment is preserved and when the motion is made in the alternative it may be reviewed on appeal from the whole order granting, or denying, a new trial.

The law was again amended by chapter 335, Session Laws 1923, § 7643, Supplement to the Compiled Laws 1913. This law is quoted at length in Judge Nuessle's dissenting opinion and need not be repeated. Under this statute, as amended, the motion for a directed verdict must be made at the close of the testimony and if denied a subsequent motion may be made afterward praying for judgment notwithstanding the verdict and an order for judgment notwithstanding the verdict may also be made on motion in the alternative form asking therefor, or, if the same be denied, for a new trial. The ruling, on the motion for a directed verdict, may be reviewed by the supreme court without a motion for judgment notwithstanding the verdict, or a motion in the alternative, or, if the single motion for judgment notwithstanding the verdict is denied, or granted, the order may be reviewed on appeal from the judgment and judgment notwithstanding the verdict may be granted, or denied, accordingly and an appeal will lie from the order on motion made in the alternative granting, or refusing, a new trial. If an appeal will lie from an order granting, or denying, judgment notwithstanding the verdict, when made singly and not in the alternative form, it must be found in this statute for there is no other law in this state governing the subject.

The law contains no provision authorizing an appeal from such an order but it specifically provides for the review of such an order on appeal from the judgment. Throughout all the legislation on the subject the distinction is made and preserved that one order is non-appeal-

able and the other is appealable. It is significant that the statute requires the appeal to be from the whole order when the order is on motion made in the alternative. The statute reads "If the motion for judgment notwithstanding the verdict be denied, the supreme court, on appeal from the judgment, may order judgment to be entered, when it appears from the testimony that a verdict should have been directed; and it may also so order on appeal from *the whole order* denying such motion when made in the alternative form whether a new trial was granted or denied by such order." In other words judgment notwithstanding the verdict may be ordered by the supreme court on appeal from the judgment, or judgment notwithstanding the verdict may be ordered by the supreme court on appeal from the whole order made on a motion in the alternative. Even when a motion is made in the alternative and denied an appeal will not lie from the order denying, or granting, judgment. *The appeal must be from the whole order or the question of ordering a judgment notwithstanding the verdict* is not within the jurisdiction of the court. If an appeal will not lie from an order denying judgment notwithstanding the verdict when a motion is made in the alternative, but the appeal is not from the whole order, how can it lie when the motion is made, not in the alternative, but simply for judgment notwithstanding the verdict? If the motion was made after entry of judgment and if that is error it could be reviewed on appeal from the judgment. The order appealed from in this case does not prevent the entry of judgment and judgment was entered from which an appeal might be taken and all alleged errors reviewed. It is true that common law requires the motion to be made before judgment but we are not considering common law but the statute. It is conceded that the alternative motion for judgment notwithstanding, or for a new trial, may be made after the entry of judgment. If a motion for judgment notwithstanding the verdict can be made after the entry of judgment when coupled with a motion for judgment in the alternative, why cannot the motion be made after the entry of judgment when not made in the alternative and what reason is there for reading into the statute that one can be made after judgment and the other cannot? No reason has been given, and no reason can be given, why one must be made before judgment and the other may be made after judgment.

The statute does not say that the motion shall be made before judg-

ment. It says but upon a subsequent motion for judgment notwithstanding the verdict the court shall grant the same if the moving party is entitled to it and an order for judgment notwithstanding the verdict may be made on a motion in the alternative form for judgment, or a new trial. In other words after verdict a party who has moved for a directed verdict at the close of the testimony may move for a judgment notwithstanding the verdict or he may *also* make the alternative motion. There is no precedence given to either motion in the statute. Either can be made *after verdict* and the party may take his choice. The difference is that if the motion is made in the alternative an appeal may be had from the whole order and a new trial may be had or denied, while on the single motion a new trial cannot be granted and the order can only be reviewed on appeal from the judgment.

Judge Nuessle has pointed out, in his dissenting opinion and it is likewise a matter of common knowledge among the practitioners, that from the very beginning of this legislation it has been the practice to make both,. or either, motion after judgment and in the face of this practice for more than thirty years, this law has been re-enacted, amended twice and is still silent on the question of the time of making the motion, except that it must be made after verdict. But the first question to decide in this case is, is the order appealed from an appealable order?

It will be noted that subdivision one of § 7841, applies to each and every one of the subdivisions of that section. It says specifically "an order affecting a substantial right made in any action, when such order in effect determines the action and *prevents a judgment from which an appeal might be taken.*" In the consideration of each subdivision there must be taken into consideration the question of whether the order appealed from prevents a judgment from which an appeal might be taken. If it does not then it is not appealable under any of the subdivisions. The order in the instant case does not prevent such judgment but specifically orders a judgment from which an appeal might be taken.

Section 7330, Compiled Laws 1913, defines an action as follows: "An action is an ordinary proceeding in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, redress or prevention of a wrong or the punishment of a public

offense." Section 7331 defines special proceedings "Every other remedy is a special proceeding."

"The term 'special proceedings' is generally used in contradistinction to the term 'action.' The codes do not define the term, but, after defining an action, provide that every other remedy is a special proceeding." 1 Bancroft, Code Pr. & Rem. p. 141, § 100. Special proceedings, as provided in chapter 42, §§ 8443 to 8474, are certiorari, mandamus, prohibition and miscellaneous proceedings.

Clearly the motions for judgment notwithstanding and the alternative motion are not special proceedings but are a part of the general proceedings in an action. It follows that the order appealed from was not made in a special proceeding and it is equally clear that it does not prevent a judgment from which an appeal might be taken.

The judgment should be affirmed.